The CITY OF TAMPA and Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., a Florida professional association, Plaintiffs,

v.

TITAN SOUTHEAST CONSTRUCTION CORPORATION, Defendant.

No. 81–822–Civ–T–GC.

United States District Court, M. D. Florida, Tampa Division.

March 19, 1982.

W. Donald Cox, Diana Fuller, Tampa, Fla., for plaintiffs.

Louis Joseph Shaheen, William C. Frye, Tampa, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE C. CARR, District Judge.

At issue in this declaratory judgment action is whether the Florida Public Records Act, Fla.Stat. §§ 119.01–119.12, requires the City of Tampa to disclose documents that are attorney-client communications or whether these documents are exempt from disclosure by operation of the Florida Evidence Code, Fla.Stat. §§ 90.101–90.958.

Because the meaning of the statutes is not apparent, several state circuit courts have been asked to interpret what the Florida Legislature intended them to mean.[1] Significantly, however, although several trial courts have addressed the issue, there is no appellate decision on point.[2] Thus, this Court is required under the *Erie* doctrine, *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to determine how the highest state courts would decide the issue if faced with the question. *Delduca v. United States Fidelity and Guaranty Company*, 357 F.2d 204, 207 (5th Cir. 1966).

The purpose of the Public Records Act is to open for public inspection all state, coun-

---

1. Two circuit courts have held that the Evidence Code does create an exception to the Public Records Act. *Aldredge v. Turlington*, No. 79–1023 (Cir.Ct. Nov. 20, 1979), *aff'd*, 378 So.2d 125 (Dist.Ct.App.1980) (per curiam), *cert. denied*, 383 So.2d 1189 (Fla.1980); *The Miami Herald Publishing Company v. City of North Miami*, No. 81–313–Ex (Cir.Ct. Nov. 17, 1981). In contrast, three circuit courts have found that privileges in the Evidence Code do not create exceptions to the Public Records Act. *The Florida Companies v. City of Tarpon Springs*, No. 81–11981–14 (Cir.Ct. Dec. 30, 1981); *The*

*Miami Herald Publishing Company, et al. v. Bobby Jones, et al.*, Nos. 79–086–Ex; 79–4184 (Cir.Ct. Nov. 7, 1980); *Resource Recovery, Inc. v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A.*, No. 81–155 EX (Cir.Ct. Oct. 9, 1981).

2. The parties agree that the *per curiam* affirmance of the decision in *Aldredge* has no precedential significance under Florida law. *Berek v. Metropolitan Dade County*, 396 So.2d 756 (Fla.App.1981).

ty, and municipal records. Fla.Stat. § 119.-01 (1975). As previously enacted, the Act exempted from disclosure:

> [a]ll public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public, whether provided by general or special acts of the legislature or which may hereafter be so provided
> . . .

In 1975, this section of the Act was substantially changed. As amended, Fla.Stat. § 119.07(3)(a) exempts from disclosure:

> [a]ll public records which are presently *provided by law* to be confidential or which are prohibited from being inspected by the public, whether by general or special law ... (emphasis added)

The Supreme Court of Florida determined that the phrase "provided by law", which was added by the 1975 amendments, did not include judicially created, common law privileges. *Wait v. Florida Power & Light Co.*, 372 So.2d 420 (Fla.1979). Therefore, the Court held that attorney-client communications were open for public inspection until the legislature, and not the courts, decided they should be exempt. *Id.* at 424.

Shortly after the *Wait* decision, however, the Florida Evidence Code took effect. The Code creates a statutory lawyer-client privilege and defines client as "any person, public officer, corporation, association, or other organization or entity, either *public or private*, who consults a lawyer..." Fla.Stat. § 90.502(1)(b) (emphasis added).

The inclusion of public entities within the definition of client suggests that the legislature intended to extend the lawyer-client privilege to municipal organizations, thereby exempting their attorney-client documents from disclosure pursuant to the Public Records Act. However, it is not clear

from the language of either the Public Records Act or the Evidence Code that the legislature intended to create an exemption without specifically amending the Public Records Act.[3] *See Florida State Racing Commission v. McLaughlin*, 102 So.3d 574 (Fla.1958).

As noted above, Section 119.07(3)(a) provides that matters "which are presently provided by law to be confidential or which are prohibited from being inspected by the public either by general or special law" are exempt. The *Wait* case has laid to rest any claim that attorney-client communications were "provided by law," "confidential" communications when the Act was amended in 1975. Thus, the question becomes whether the second clause of subsection 3(a) applies. In other words, is the Evidence Code a general or special law that prohibits public inspection of documents? The critical determination in answering this question is whether the legislature intended to limit these general and special laws to statutes that were "presently" on the books in 1975, as it did with the confidential matters described in the first clause of subsection 3(a), or whether it intended to include subsequently enacted laws.

█ At the outset, it should be noted that there is no reference to "presently" in the second clause of subsection 3(a). While this omission is not conclusive, it is significant. *See State v. State Racing Commission*, 112 So.2d 825 (Fla.1959). More significant, however, is the fact that the legislature has passed several laws that authorize the nondisclosure of public records ' which would otherwise be open for public inspection under the Public Records Act. Many of these statutes were enacted well after the 1975 amendments, *e.g.*, Fla.Stat. § 213.-053 (1980); Fla.Stat. § 403.73 (1980), and some even make specific reference to Chap-

---

**3.** In *Wait*, the Florida Supreme Court wrote "if the common law privileges are to be included as exemptions, it is up to the legislature, and not this Court, to amend *the statute*". *Wait, supra* at 424. (emphasis added). This *obiter dicta* cannot be read as a holding by the Florida Supreme Court that only specific amendments to the Public Records Act are authorized. In-

deed, later on in the opinion the *Wait* Court approves the decision of the lower court to the extent that "it holds that chapter 119, Florida Statutes (1975), the Public Records Act, ... exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law." *Id.* at 425.

ter 119. *E.g.*, Fla.Stat. § 23.129 (1981); Fla.Stat. § 350.121 (1980). It is a well established rule of statutory construction that the legislature is presumed to know the law when it enacts a statute. *Collins Investment Company v. Metropolitan Dade County*, 164 So.2d 806, 809 (Fla.1964). This presumption, coupled with the specific references to Chapter 119 in some recently enacted statutes, leads to the conclusion that the legislature intended to create exceptions to the Public Records Act, even after 1975, without specifically amending that Act. *See* Kraemer, *Exemptions to the Sunshine Law and the Public Records Act: Have They Impaired Open Government in Florida?*, 8 *Fla.St.L.Rev.* 265, 280–294 (1980); *Contra, The Florida Companies v. City of Tarpon Springs*, No. 81–11981–14, slip op. at 2 (Cir.Ct. Dec. 30, 1981).

■ Unfortunately, this conclusion does not resolve the question before the Court. It still must be determined that the Florida Evidence Code was intended to create such an exception and that this exception applies in the instant case.

The Evidence Code was passed in 1975 but did not take effect until July 1, 1979. It applies "to the same proceedings that the general law of evidence applied to before the effective date of this Code." Fla.Stat. § 90.103. In addition, it supersedes the "existing statutory and common law in conflict with its provisions." Fla.Stat. § 90.-102.

The defendant, Titan Construction, urges that the Code only applies to ongoing lawsuits and has no effect in actions involving only public records requests. If accepted, the defendant's argument would mean that a litigant involved in a lawsuit with a municipal organization would not have access to attorney-client documents in the course of that proceeding, but that he could bypass this privilege against disclosure by initiating an independent lawsuit pursuant to the Public Records Act. The defendant's interpretation would render meaningless the lawyer-client privilege that the legislature created for public entities when it enacted the Evidence Code. Therefore, it cannot be accepted. "It should never be presumed that the legislature intended to enact purposeless and therefore useless, legislation." *Sharer v. Hotel Corporation of America*, 144 So.2d 813, 817 (Fla.1962).[4]

■ For the same reason, it cannot be presumed that the Evidence Code does not bar disclosure under the Public Records Act merely because the common law of evidence did not. It is true that the Code "applies to the same proceedings as the general law of evidence applied to" and that the *Wait* Court found that the general law of evidence did not bar the disclosure of a public entity's attorney-client communications. However, the *Wait* decision does not hold that the law of privilege has no application in Public Records Act proceedings. Instead, the *Wait* decision stands for the proposition that it is up to the legislature to define, by statute, the privileges to which a public entity is entitled. The legislature did just that when it passed the Evidence Code and recognized "public" entities as "clients" that have "a privilege to refuse to disclose, and to prevent any other person from disclosing" lawyer-client communications. Fla.Stat. § 90.502. The City of Tampa has chosen to exercise that privilege and, therefore, can withhold from Titan the lawyer-client communications Titan has requested.

■ The legislature, however, has not extended a comparable work product privilege to public entities. *See* 1974 Op.Att'y Gen. Fla. 074–215 (July 24, 1974). Although the civil procedure rules exempt work product materials from discovery production, Fla.R. Civ.P. 1.280(b)(2), the rules do not exempt

---

4. The defendant also posits that the purpose of including public entities within the definition of client might not have been to create an exception to the Public Records Act, but may have been merely to protect a public entity's confidential, *oral* communications. The defendant's assumption is doubtful at best and would require this Court to add words to the statute. "When there is doubt as to the legislative intent or where speculation is necessary, then the doubts should be resolved against the power of the courts to supply the missing words." *Armstrong v. City of Edgewater*, 157 So.2d 422, 425 (Fla.1963).

work product materials from disclosure pursuant to the Public Records Act. The rules were promulgated by the Florida Supreme Court, not the legislature. *In re the Florida Bar: Rules of Civil Procedure*, 265 So.2d 21, 26 (Fla.1972). Since the Florida Supreme Court has no authority to amend or modify a statute, *Wait, supra* at 424, it follows that work product materials are open for public inspection until the legislature determines they should be privileged. *Id.* at 425. The legislature has not done so as of this writing. The City of Tampa is, therefore, required to disclose to Titan the two documents that it has described as work product matters, i.e., "Memorandum Analysis of Titan's administrative claim from Howard F. Curren to J. W. Silliman dated September 4, 1979" and an "Analysis of Titan's administrative claim by Greeley and Hansen dated September 13, 1979."