425 So.2d 1175 (1983)
CITY OF WILLISTON, D/B/a Williston Memorial Hospital, Petitioner,
v.
Roy ROADLANDER, As Personal Representative of the Estate of Ruby I. Roadlander, Deceased, Respondent.
No. AM-260.
District Court of Appeal of Florida, First District.
January 14, 1983.
*1176 Edwin C. Cluster, of Ayres, Cluster, Curry, McCall & Briggs, Ocala, for petitioner.
Patrick H. Perry, of Avera & Stripling, Gainesville, for respondent.
WENTWORTH, Judge.
Petitioner seeks to invoke our certiorari jurisdiction to review an order denying petitioner's motion for a protective order limiting discovery. We find that the court below departed from the essential requirements of law and that relief by appeal from a final judgment would be inadequate,[1] and we therefore grant certiorari review pursuant to Fla.R.App.P. 9.030(b)(2)(A).
Petitioner is a health care facility owned and operated by the City of Williston; respondent is the personal representative of a deceased patient who had received treatment in the hospital. Respondent brought a negligence action against the hospital and two treating physicians, and sought to discover various documents within the hospital files. Petitioner moved for a protective order, alleging, among other contentions, that respondent's discovery request embraces confidential materials privileged by § 768.40(4), Florida Statutes. This enactment *1177 provides that the proceedings and records of medical review committees
shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee... .
The trial court recognized that § 768.40(4) prohibits the discovery of medical review committee proceedings and records, but reasoned that when the hospital is a public health care facility such materials are nevertheless available to the general public pursuant to Chapter 119, Florida Statutes, the Public Records Act. The trial court therefore denied the motion for a protective order since respondent is "a citizen ... of the general public... ."
Chapter 119 provides for inspection and examination of public records except that records "which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt..." from inspection. See § 119.07(3). Section 768.40(4), Florida Statutes, expressly exempts medical review committee records from discovery, and while respondent is indeed a member of the general public, which has been held entitled to inspection of such records pursuant to Chapter 119,[2] we construe § 768.40(4) as precluding discovery made under the guise of a public records act inspection by one who has come within the prohibition of § 768.40(4) against discovery "in any civil action against a provider... ." The specific enactment is, by this construction, given its expressed effect to preclude all "discovery" of the records by respondent while he is involved in such an action. We therefore conclude that the lower court erred in failing to grant petitioner's motion for a protective order insofar as respondent's discovery request encompasses medical review committee records.
Petitioner also contends that respondent's discovery request includes "work product" embraced within the attorney-client privilege of § 90.502, Florida Statutes, and thereby exempted from inspection under the Public Records Act. The trial court relied on Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979), and ruled that work product is not an exception to inspection under Chapter 119. Wait established that exemption from Chapter 119 inspection is dependent upon statutory privilege, rather than common law or judicially created doctrines. Section 90.502, Florida Statutes, enacted subsequent to the decision in Wait, provides an attorney-client privilege as to "confidential communications" between lawyer and client. However, confidentiality of work product is a separate doctrine based on public policy considerations, and is not strictly within the ambit of the attorney-client privilege. See generally, Atlantic Coastline Railroad Co. v. Allen, 40 So.2d 115 (Fla. 1949); also see Surf Drugs Inc. v. Vermentte, 236 So.2d 108 (Fla. 1970); Shell v. State Road Department, 135 So.2d 857 (Fla. 1962). We therefore conclude that the § 90.502 attorney-client privilege for confidential communications does not encompass work product, cf., Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), and the lower court did not err in the present case by ruling that the asserted work product privilege does not preclude access to documents otherwise subject to Chapter 119 inspection.
Petitioner's other assertions are without merit. Accordingly, the order is reversed and the cause remanded with directions that the lower court grant petitioner's motion for a protective order insofar as respondent's discovery request encompasses *1178 medical review committee records; the order is otherwise affirmed.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, J., concur.
NOTES
[1] While an order denying discovery does not warrant the exercise of our certiorari jurisdiction, see Esman v. Board of Regents, 425 So.2d 156, Case No. AM-340 (Fla. 1st DCA, opinion filed 1983), the present case involves an order which effectively permits discovery; in such circumstances relief by appeal will be inadequate and our certiorari jurisdiction may be invoked upon a departure from the essential requirements of law. See Bouchar v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957).
[2] See Gadd v. News-Press Publishing Co., 412 So.2d 894 (Fla. 2d DCA 1982), a mandamus proceeding directly invoking Chapter 119 as authority for inspection of such records by one not involved in "actions specifically covered by § 768.40(4)," p. 896. We do not, in this case which does involve such an action, either agree or disagree with the Gadd conclusion, but leave to a proper case the question of whether we would follow our sister court or conclude that § 768.40(4) renders such records generally confidential under § 119.07(3)(a) in order to prevent nullification of the specific discovery prohibition.