436 So.2d 153 (1983)
HILLSBOROUGH COUNTY AVIATION AUTHORITY, Petitioner,
v.
AZZARELLI CONSTRUCTION COMPANY, INC., a Florida Corporation, Respondent.
No. 82-2519.
District Court of Appeal of Florida, Second District.
February 18, 1983.
Rehearing Denied March 23, 1983.
*154 Stewart C. Eggert and William S. Josey of Allen, Dell, Frank & Trinkle, and Jonathan L. Alpert, of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioner.
J. Bert Grandoff of Lawson, McWhirter & Grandoff, Tampa, for respondent.
DANAHY, Judge.
The Hillsborough County Aviation Authority urges us to hold that trial preparation materials, or "work product," are not public records within the meaning of section 119.011(1), Florida Statutes (1981), as interpreted by our supreme court in Shevin v. Byron, Harless, Schaffer, Reid & Associates, Inc., 379 So.2d 633 (Fla. 1980). We decline to do so.
The Authority is a defendant in litigation initiated by the respondent seeking damages for claims which allegedly arose while the respondent was general contractor for the construction of a remote parking facility at Tampa International Airport. The respondent served a request for production of documents which the Authority characterizes as work product. The Authority refused to produce the documents, and the trial judge entered an order directing the Authority to produce the requested material. The Authority then brought this petition for writ of certiorari, claiming that the trial judge's order departed from the essential requirements of the law because the work product of the Authority does not constitute public records. We deny the writ.
In Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979), the supreme court had the occasion to consider whether the judicially created privileges of attorney-client and work product extend to public records. The court held that they do not, remarking that if the common law privileges are to be included as exemptions, it is up to the legislature, and not the courts, to amend the statute. There is no statutory exemption of work product.[1] The Authority acknowledges the Wait decision, but insists that its impact is modified by the supreme court's later decision in the Byron, Harless case, when the court set forth a definition of "public records." The court said in that case that the term "public records" means materials which constitute records  that is, materials that have been prepared with the intent of perpetuating or formalizing knowledge. The Authority argues that when a public body is engaged in litigation, the pleadings and evidence it presents in court constitute the formal agency statement on the subject matter in question and that all else is merely preliminary or preparatory, and, therefore, not a chapter 119 public record. In our view, the supreme court's decision in the Wait case constituted a tacit recognition that work product can be a public record. If that were not so, the court would not have found it necessary to address the question whether the judicially created work product exemption applies to public records.
Alternatively, the Authority argues that matters of discovery are procedural in nature, and points out that Florida Rule of Civil Procedure 1.280(b)(2), relating to discovery, contains protections against the disclosure of work product. The Authority concludes from this that if the Public Records Act does indeed apply to work product, to this extent it concerns a matter of practice and procedure, and the rule adopted by the supreme court takes precedence over the statute. We disagree. Access to public records, in our view, is a matter of substance. *155 Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975); City of Tampa v. Titan Southeast Construction Corp., 535 F. Supp. 163 (M.D.Fla. 1982).
The Authority's petition for certiorari is denied. Accord, City of Williston v. Roadlander, 425 So.2d 1175 (Fla. 1st DCA 1983).
GRIMES, J., concurs.
BOARDMAN, A.C.J., specially concurs with opinion.
BOARDMAN, Acting Chief Judge, specially concurring.
I concur only because I have no choice. It is clear that there is no work product exception under the Public Records Act. Wait. However, I feel work product should be exempt. As noted in Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), the Act places public agencies faced with potential litigation at a disadvantage compared to private individuals and corporate entities. I strongly urge that the legislature revisit the entire Act and reconsider the portions thereof which have posed serious difficulties for the courts and the litigants involved in a number of recent cases.
NOTES
[1] The Florida Evidence Code's recognition of the attorney-client privilege has been held to create a statutory exemption to the Public Records Act. § 90.502(1), Fla. Stat. (1981); City of Tampa v. Titan Southeast Construction Corp., 535 F. Supp. 163 (M.D.Fla. 1982).