MILLS, Judge.
Petitioner Sandra K. Hoover (Sandra), by a timely petition for writ of certiorari, seeks review of an interlocutory order compelling her compliance with • a subpoena duces tecum served on her by respondent Robert M. Hoover (Robert). The petition is denied.
Sandra and Robert were divorced by final judgment dated 10 May 1984 which incorporated a settlement agreement into which they had entered. The agreement imposed numerous financial obligations on Robert, both with regard to Sandra and to certain personal and real property belonging to the couple.
On 27 July 1984, Robert filed a motion to modify the final judgment based on his lack of legal counsel regarding the agreement and on a change in circumstances occasioned by the loss of his job and his remarriage. The motion sought relief in the form of “an order modifying the final judgment herein and redistributing the financial obligations of the parties.... ”
On 7 August 1984, Robert served on Sandra a subpoena duces tecum, scheduling her deposition on 22 August 1984 and requesting the production, among other items, of 1) her 1983 W-4 withholding statement, 2) her 1983 tax return, 3) a notarized financial affidavit, 4) her payroll records from 1 January 1984 to 22 August 1984, and 5) her bank statements for the same period. Sandra attended the deposition without these or any of the requested items and refused to answer any questions about them, contending they were irrelevant to the grounds for modification stated by Robert.
On 27 August 1984, Robert filed a motion to compel Sandra’s compliance with the subpoena, which was granted by order filed 5 September 1984. Sandra filed this petition seeking review of that order.
In a petition for writ of certiorari seeking review of an order permitting dis *487 covery, a petitioner must show that 1) relief by appeal will be inadequate and 2) that the trial court departed from the essential requirements of the law in entering the order. City of Williston v. Roadlander, 425 So.2d 1175, 1176 n. 1 (Fla. 1st DCA 1983). Because a petitioner will have no adequate relief on appeal if discovery is incorrectly compelled, City of Williston, supra, at 1176 n. 1, it remains to be shown that the order was a departure from the essential requirements of law. Sandra contends that, because of the irrelevance of the documents sought by Robert in his motion, such a departure occurred by the entry of the instant order. We disagree.
Rule 1.280(b)(1), Fla.R.Civ.P., establishes the general scope of discovery:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the parties seeking discovery or the claim or defense of any other party.
Here, the motion clearly states that it seeks relief by way of “an order modifying the final judgment herein and redistributing the financial obligations and responsibilities of the parties.... ” The documents sought by Robert are relevant to Sandra’s ability, if any, to assume such a redistribution, which must be taken into account in ruling on the motion.
It was not error for the trial court to enter the order compelling discovery. The petition for writ of certiorari is denied.
SHIVERS and WENTWORTH, JJ., concur.