ORFINGER, Judge.
The City of Orlando (City) seeks a writ of certiorari to quash a trial court order requiring it to produce its litigation file in this case, under the Florida Public Records Act, Chapter 119, Florida Statutes (1983). Certiorari is an appropriate procedure by which to seek review of an order compelling discovery of material claimed to be exempt from discovery. Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981). Insurance Company of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981); Boucher v. Pure Oil Company, 101 So.2d 408 (Fla. 1st DCA 1957).
Respondents filed a civil action for damages, naming the City as one of the defendants, alleging that the City was negligent in its inspection and maintenance of a traffic signal, thereby creating a dangerous condition and thus causing or contributing to a motor vehicle collision in which Desjar-din was injured. On July 23, 1984, respondents served on the City a request for production of the City’s entire litigation file, excluding attorneys’ notes and excluding papers and pleadings filed with the court. On the basis of the Public Records Act, the trial court overruled the City’s objections (filed August 17, 1984) that the file was protected by the work product rule and attorney-client privilege, and required the requested production.
This court has previously considered and rejected the arguments raised by the City here. See Orange County v. Florida Land Company, 450 So.2d 341 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla.1984) as to the work product argument and Brevard County v. Nash, 468 So.2d 240 (Fla. 5th DCA 1985) as to the attorney-client privilege. See City of North Miami v. Miami Herald Publishing Company, 468 So.2d 218 (Fla.1985), not final as of the date of this opinion, wherein the supreme court holds that the attorney/client privilege of the Florida Evidence Code does not exempt written communications between lawyers and governmental clients from disclosure as public records. The City argues, however, that the legislature specifically created an exemption that applies here when it created section 119.07(3)(o)[1], in *833 Chapter 84-298, Laws of Florida (1984), effective October 1, 1984, and that the new statute should have been applied to the order entered by the trial court on December 7, 1984. The trial court correctly declined to apply the statute retroactively.
We have previously held that access to public records is a matter of substantive law rather than practice and procedure. Orange County v. Florida Land Company, supra, at 343. Substantive law prescribes rights and duties under our system of government and is the responsibility of the legislature. Procedural law concerns the means and methods by which the duties and rights are enforced. Benyard v. Wainright, 322 So.2d 473 (Fla.1975). Florida legislation is presumed to operate prospectively unless there exists a showing on the face of the law that retroactive application is intended. Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla.1975). We find no such showing in the statute under review. The request for production of documents was filed prior to October 1, 1984 (as was the objection) in litigation already pending. When the request was made section 119.07(3)(o) was not in effect, and therefore it has no application here.
The request to produce excludes attorneys’ notes, which we construe to refer to preliminary materials prepared by the attorneys to aid them in the preparation of letters, pleadings and other completed work. As defined and referred to in Florida Land, those notes are not “public records,” are not subject to production, and have not been requested here. Therefore, there was no need for an in camera review of the file by the trial judge, who properly exercised his discretion in rejecting that request.
WRIT DENIED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. Section 119.07(3)(o ), Chapter 84-298, Laws of Florida (1984) provides:
A public record which was prepared by an agency attorney, including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record, or prepared at the attorney’s express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was pre *833 pared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings. When asserting the right to withhold a public record pursuant to this paragraph, the agency shall identify the potential parties to any such criminal or civil litigation or adversarial administrative proceedings. If a court finds that the document or other record has been improperly withheld under this paragraph, the parties seeking access to such document or record shall be awarded reasonable attorney's fees and costs, in addition to any other remedy ordered by the court.