The Honorable Karleen F. De Blaker Clerk of the Circuit Court Pinellas County 315 Court Street Clearwater, Florida 33516
Dear Ms. De Blaker:
This is in response to your request for an opinion on substantially the following question:
 MAY A CONTRACT FOR EXTERNAL LEGAL COUNSEL BETWEEN A COUNTY AND A PRIVATE LAW FIRM AND CERTAIN DOCUMENTATION FOR INVOICES SUBMITTED BY SUCH FIRM TO THE COUNTY BE DESIGNATED EXEMPT FROM PUBLIC DISCLOSURE PURSUANT TO s. 119.07(3)(o), F.S. (1984 Supp.)?
Your question arises in the context of the factual circumstances described below and is raised in your capacity as custodian of the records maintained in your office and as county auditor. See, s.119.021, F.S.; s. 1(d), Art. VIII, State Const.
On December 4, 1984, the Pinellas County Board of County Commissioners authorized the employment of outside counsel and the negotiation of a contract to handle certain matters involving ongoing litigation. See, minutes of December 4, 1984, meeting of the Pinellas County Board of County Commissioners, p. 1664 (authorization to negotiate a contract with attorney to file brief in response to motion filed against the county). On January 15, 1985, the board accepted a letter proposal from a private law firm to handle such matters, but, as received by your office, such letter proposal was marked by the county attorney "exempt from public records until conclusion of litigation.," As of the date of your opinion request, your office had not otherwise received a more formal contract between the private firm and the county for your records. You also received invoices from the private firm for payment by the county of certain legal fees but without sufficient documentation as to the propriety of such fees. You then informed the board that further information was required so that "we may follow through with assuring [board] intent during the pre-audit process." It appears that some additional documentation with respect to the law firm's invoices was provided through the county attorney's office with such documentation as to hours worked and hourly charges for members of the firm marked "exempt" from public records. Finally, you were advised by the chairman of the board of county commissioners that the letter proposal accepted January 15 was, in the opinion of the county attorney, a legal and binding contract and that, as to the exemption asserted for the additional documentation, the chairman preferred "to leave the judgment as to what records are `exempt' to the legal counsel representing me in a particular matter since the exemption itself involves a legal question." Thus, to the extent that your question involves the application of a recent amendment to the Florida Public Records Law, the parameters of which have not been the subject of any appellate court decision or formal opinion of this office, it would appear that the following observations are warranted.
The 1984 Legislature adopted a limited work product exemption from the disclosure provisions of Ch. 119, F.S., the Public Records Law. See, s. 5, Ch. 84-298, Laws of Florida, codified as s.119.07(3)(o), F.S. (1984 Supp.), effective October 1, 1984. Prior to the enactment of such legislation, there was no exemption from the Public Records Law for attorney work product. See, Wait v. Florida Power Light Company, 372 So.2d 420 (Fla. 1979); City of Williston v. Roadlander, 425 So.2d 1175 (1 D.C.A.Fla., 1983); Miami Herald Publishing Co. v. City of North Miami, 452 So.2d 572
(3 D.C.A.Fla., 1984), approved, City of North Miami v. Miami Herald Publishing Co., 468 So.2d 218 (Fla. 1985).
As created by s. 5, Ch. 84-298, Laws of Florida, s. 119.07(3)(o), F.S. (1984 Supp.), provides:
 A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings. When asserting the right to withhold a public record pursuant to this paragraph, the agency shall identify the potential parties to any such criminal or civil litigation or adversarial administrative proceedings. If a court finds that the document or other record has been improperly withheld under this paragraph, the party seeking access to such document or record shall be awarded reasonable attorney's fees and costs in addition to any other remedy ordered by the court. (e.s.)
It is important to emphasize that the Legislature did not create a blanket exception to the Public Records Law for all attorney work product. An examination of the exemption provided in s.119.07(3)(o) for attorneys employed or retained by an agency, as defined by s. 119.011(2), F.S., indicates that the exemption afforded by that statute is narrower than the work product privilege recognized by the courts for private litigants. Compare, Hickman v. Taylor, 329 U.S. 495 (1947); Atlantic Coast Line R. Co. v. Allen, 40 So.2d 115 (Fla. 1949). Only those records reflecting mental impressions, conclusions, litigation strategies or legal theories prepared by a government attorney or at his express direction for ongoing or imminent litigation or adversarial administrative proceedings are exempt from disclosure pursuant to Ch. 119, F.S., until the conclusion of such litigation or proceedings. Since the statute specifies the records covered by the exemption, only those records containing such information may be considered exempt under the terms of s. 119.07(3)(o). Cf., Thayer v. State, 335 So.2d 815 (Fla. 1976) (where statute enumerates the things on which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned); Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234, 239 (Fla. 1944). Moreover, records prepared for ongoing litigation or adversarial administrative proceedings must under the terms of the statute have been prepared exclusively for such litigation or proceedings; records prepared for other purposes may not be converted into exempt material simply by their use in such litigation or proceedings.
While the records in question have not been presented to this office for review, it appears unlikely that a contract between the board of county commissioners and outside counsel, or bills submitted by such counsel to the county pursuant to the contract documenting hours worked and hourly charges, would consist solely of "mental impression[s], conclusion[s], litigation strateg[ies], or legal theor[ies]"; information such as the hours worked or the hourly wage clearly would not fall within the foregoing exemption. To the extent that the records may contain exempt matters, it would appear that the records could be made available for inspection or copying pursuant to Ch. 119, F.S., subject only to such deletions or excisions as may be required by the terms of s.119.07(3)(o), F.S. (1984 Supp.). See, s. 119.07(2)(a), F.S. (1984 Supp.), providing that the custodian of a public record asserting that an exemption under subsection (3) applies "shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination." See also, AGO 84-81 discussing the means by which the custodian of a record may comply with the disclosure requirements of Ch. 119 by permitting inspection and copying of the nonexempted portions of any particular record and suggesting that "any reasonable method which maintains and preserves the integrity of such records or any portion thereof while allowing public disclosure and inspection of the nonexempted portion of portions of such records" is permitted. And see, Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980) (Public Records Act exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law); Wait v. Florida Power and Light Co., supra. Cf., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Wolfson v. State, 344 So.2d 611 (2 D.C.A.Fla., 1977) (open government law enacted for public benefit should be construed liberally in favor of public access to government proceedings). If a court finds that an agency has unlawfully refused to permit access to a public record, the court shall assess against the agency responsible, the reasonable costs of enforcement including a reasonable attorney's fee. Section 119.12, F.S. (1984 Supp.). See also, s. 119.10, F.S., as amended by s. 5, Ch. 85-301, Laws of Florida.
Therefore, unless and until legislatively or judicially determined otherwise, I am of the view that a contract between a county and a private law firm for legal counsel and certain documentation for invoices submitted by such firm to the county would not appear to generally fall within the exemption from the Public Records Law for work product contained in s. 119.07(3)(o), F.S. (1984 Supp.). To the extent, however, that such records may consist of mental impressions, conclusions, litigation strategy, or legal theories, such information may be deleted or excised, but the remainder of the record must be made available for inspection and examination pursuant to s. 119.07(2)(a), F.S. (1984 Supp.), in the absence of any other applicable statutory exemptions.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General