493 So.2d 1027 (1986)
CITY OF ORLANDO, Petitioner,
v.
Roland E. DESJARDINS, et Ux., et al., Respondents.
No. 67195.
Supreme Court of Florida.
September 11, 1986.
*1028 Steven F. Lengauer of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for petitioner.
William W. Fernandez and Ciro A. Gonzales, Jr. of Law Offices of William W. Fernandez, Orlando, for respondents.
ADKINS, Justice.
In City of Orlando v. Desjardins, 469 So.2d 831 (Fla. 5th DCA 1985), the district court affirmed the trial court's order interpreting the Florida Public Records Act, chapter 119, Florida Statutes (1983), as requiring the City of Orlando (City) to produce its litigation file, excluding attorney's notes and papers and pleadings filed with the court, to the adversary party in ongoing litigation. In so holding, the court found inapplicable the limited statutory attorney-client exemption set forth in section 119.07(3)(o), Florida Statutes (Supp. 1984). We find conflict with our decision in City of North Miami v. Miami Herald Publishing Co., 468 So.2d 218 (Fla. 1985), and quash the opinion under review.
After suffering injuries in an automobile accident, respondent Desjardins sued the City based on its allegedly negligent inspection and maintenance of a traffic signal. In July, 1984, Desjardins served upon the City a request to produce its litigation file under the Public Records Act. The City declined to produce, arguing that the file was protected by the work product rule and the attorney-client privilege. In December, 1984, the trial court rejected both claims and entered an order requiring the City to produce the file.
In so ruling, the trial court refused to apply the statutory exemption of section 119.07(3)(o). That section provides, in relevant part:
A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of [the Public Records Act] until the conclusion of the litigation or adversarial administrative proceedings.
Because the cause of action had accrued prior to October, 1984, the effective date of the statute, and because the Fifth District had held that "access to public records is a matter of substantive law rather than practice and procedure," 469 So.2d at 833, citing Orange County v. Florida Land Co., 450 So.2d 341 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984), the trial court declined to apply the statute retroactively. Van Bibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983).
We find error in the lower court's refusal to apply the statutory exemption. While the procedural/substantive analysis often sheds light on the propriety of retroactively applying a statute, Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985); State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), the dichotomy does not in every case answer the question. Florida's courts have embraced a third alternative. If a statute is found to be remedial in nature, it can and should be retroactively applied in order to serve its intended purposes. Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); Grammer v. Roman, 174 So.2d 443 (Fla. 2d DCA 1965).
The statutory exemption, according temporary protection from the disclosure of sensitive documents, is addressed to precisely the type of "[r]emedial rights [arising] for the purpose of protecting or enforcing substantive rights," In re Florida Rules of Criminal Procedure, 272 So.2d 65, 65 (Fla. 1972), which is allowed retroactive application. A contextual examination *1029 of the exemption leaves little doubt as to its salutary and protective purpose of mitigating the harsh provisions of the Florida Public Records Act as applied to public entities' litigation files in ongoing litigation. In City of North Miami, in fact, we implicitly approved the retroactive application of the statutory exemption by noting that the section "does provide a limited exception within its terms," 468 So.2d at 220, and remanding for consideration of the statute's applicability to the case in light of the particular records requested and the statutes of the litigation.
Legislative history indicates that the developing caselaw affording public entities no protection under either the work product doctrine or the attorney-client privilege prompted the exemption's enactment. Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985); Orange County; Hillsborough County Aviation v. Azarelli Construction Co., 436 So.2d 153 (Fla. 2d DCA 1983); Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982), review denied, 426 So.2d 27 (Fla. 1983). Each of these courts noted the imbalanced posture and the disadvantaged status of public entities involved in litigation under the Public Records Act as so construed, but each noted the propriety of a legislative resolution of the matter. The legislature has so acted, and the statutory exemption now in effect well accomodates the competing interests in the confidentiality of the attorney-client relationship and government in the sunshine under the Public Records Act by providing a temporary exemption from disclosure. The exemption also brings the statute into accordance with Florida Rule of Civil Procedure 1.280(b)(2).
Upon remand, then, the trial court must examine the file under section 119.07(2)(b), Florida Statutes (1985), and prohibit the disclosure only of those records reflecting "a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency." § 119.07(3)(o); City of Miami Beach v. De Lapp, 472 So.2d 543 (Fla. 3d DCA 1985); 1985 Op. Att'y Gen.Fla. 085-89 (Oct. 30, 1985). See C. Ehrhardt, Florida Evidence § 502.4 (1986 Supp.).
We therefore quash the decision under review and remand for further proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.