Mr. James T. Moore, Executive Director Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Moore:
You ask the following questions:
1. Do the recent amendments to chapter 39, Florida Statutes, authorize a law enforcement agency to release only the crime and arrest report of the juvenile taken into custody for a felony or may other law enforcement records relating to the juvenile also be disclosed?
2. Do the recent amendments to chapter 39, Florida Statutes, apply to law enforcement records relating to juveniles taken into custody prior to October 1, 1994?
In sum:
1. Unless otherwise exempted by law, the law enforcement records of a juvenile felony arrest are discloseable.
2. The recent amendments to chapter 39, Florida Statutes do not apply to law enforcement records of juveniles arrested for a felony prior to October 1, 1994.
QUESTION ONE
During the 1994 legislative session, the Legislature enacted an omnibus justice reform measure that redirected the focus regarding the treatment of juvenile offenders under Florida Law.[1] Many of the protections formerly afforded serious juvenile offenders because of their age were removed or lessened.
With the amendment of section 39.045(9), Florida Statutes, the Legislature has allowed for greater dissemination of information relating to juvenile offenders.
In recognition of such changes, this office stated in Attorney General Opinion 94-91, that "[t]he clear goal of the Legislature was to establish the public's right to obtain information about persons who commit serious offenses, regardless of age." As stated in that opinion,
Legislative intent is the polestar by which construction of a statute must be guided and this intent must be given effect. [citation omitted] The changes to section 39.045(9), which recognize that the serious nature of the crime should govern a law enforcement agency's release of its records concerning juvenile offenders, reflect the intent of the Legislature to make it clear that law enforcement agencies are no longer required to withhold identifying information contained in their records about a juvenile charged with a felony.
Thus, this office concluded that if a juvenile is arrested for a felony, the recent amendments to chapter 39, Florida Statutes, permit a law enforcement agency to release the law enforcement agency's crime or arrest report or to disclose other information about the crime. Similarly, in keeping with such legislative intent, it appears that a law enforcement agency's records relating to the juvenile's felony arrest would also be discloseable.
I am, therefore, of the opinion that in accordance with the legislative intent expressed in the recent amendments to Chapter 39, Florida Statutes, to make more information regarding juvenile crime available to the public, the law enforcement records of a juvenile felony arrest, unless otherwise exempted by law, are discloseable.
QUESTION TWO
You ask whether the recent amendments apply to law enforcement records of juveniles taken into custody prior to October 1, 1994. The amendment to section 39.045(9), Florida Statutes, contained in the omnibus justice reform measure passed by the 1994 Legislature, became effective October 1, 1994.[2]
It is a general rule of statutory construction that in the absence of a clear expression of legislative intent to the contrary, a statute is presumed to operate prospectively.[3] Procedural statutes, however, unlike substantive statutes, may be retroactively applied because the courts have held that no one has a vested interest in any given mode of procedure.[4] Remedial statutes may be retroactively applied because such statutes "do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing. . . ."[5]
In City of Orlando v. Desjardins,[6] the court considered whether a legislatively created exemption for attorney work product should be retroactively applied. Previous courts had recognized the need for the exemption to remedy "the imbalanced posture and the disadvantaged status of public entities involved in litigation under the Public Records Act" and to bring the statute into accordance with the Florida Rules of Civil Procedure.[7] Thus, the court held that the statute was remedial and applied retroactively.
Similarly, this office in Attorney General Opinion 94-70 stated that an amendment to the expungement statute applied to all criminal history records ordered expunged and not to only those expunged after the effective date of the act. This office's opinion was based on the courts' classification of the expunge-ment statute as a whole being a remedial statute that could be retroactively applied and on the fact that the amendment merely altered who was responsible for notifying the employing or licensing agency regarding the expunged record.[8]
The recent amendments, however, authorize the release of records of juveniles arrested for a felony where previously such records had been closed. It establishes a right of access rather than conferring the means of enforcing that right. I cannot, therefore, conclude that the amendments may be classified as procedural or remedial such that the amendments may be retroactively applied to juveniles arrested for felonies prior to the effective date of the statute. Nothing in the legislative history indicates an intent on the part of the Legislature to open juvenile records when the juvenile has not, after the effective date of the statute, been arrested for a felony.[9] Chapter 39, Florida Statutes, however, does contain provisions which would permit a court to release such information upon a showing of good cause.[10]
Accordingly, I am of the opinion that the recent amendments to Chapter 39, Florida Statutes do not apply to law enforcement records of juveniles arrested for a felony prior to October 1, 1994.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 94-209, Laws of Florida.
[2] See, s. 150, Ch. 94-209, Laws of Florida, stating that unless otherwise provided in the act, Ch. 94-206 "shall take effect October 1, 1994."
[3] See, e.g., State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Cone Brothers Contracting v. Gordon, 453 So.2d 420 (Fla. 1st DCA 1984).
[4] See, e.g., Walker LaBerge, Inc. v. Halligan, 344 So.2d 239,243 (Fla. 1977).
[5] City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961). And see, Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352
(Fla. 1994).
[6] 493 So.2d 1027, 1028 (Fla. 1986).
[7] Id. And see, Neu v. Miami Herald Publishing Company,462 So.2d 821 (Fla. 1985); Hillsborough County Aviation v. Azzarelli Construction Company, 436 So.2d 153 (Fla. 2d DCA 1983); Orange County v. Florida Land Company, 450 So.2d 341 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984); Tober v. Sanchez,417 So.2d 1053 (Fla. 3d DCA 1982), review denied sub nom., Metropolitan Dade County Transit Agency v. Sanchez, 426 So.2d 27
(Fla. 1983).
[8] And see, Op. Att'y Gen. Fla. 92-43 (1992), in which this office stated that Ch. 119 applied to plans received prior to 1967, when the Public Records Law was enacted, since Florida as early as 1909 statutorily guaranteed a right of access to state, county and municipal records. Thus this office concluded that the enactment of Ch. 119 did not change the statutory requirement that municipal records be open for inspection but "[r]ather, the legislation appears to clarify what constitutes a public record and what are the duties and responsibilities of agencies in maintaining and providing access to such records.
[9] The statute also provides for the release of juvenile records of a juvenile who has been found by a court to have committed three or more misdemeanors.
[10] See, s. 39.039, Fla. Stat. (1994 Supp.), authorizing a law enforcement agency to fingerprint a juvenile taken into custody upon probable cause that the child has committed a violation of law and providing that these records shall not be available for public disclosure and inspection but may be available to those entities enumerated therein "and any other person authorized by the court to have access to such records. These records may, in the discretion of the court, be open to inspection by anyone upon a showing of cause." And see, s. 39.045(5), stating that information obtained under Part I of Chapter 39 in the discharge of official duty by the officials and agencies enumerated therein is confidential and may be disclosed only to those persons prescribed therein "or upon order of the court."