# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2228
_____

CINDY VO,

    Appellant,

    v.

SCOTTSDALE INSURANCE
COMPANY,

    Appellee.

_____


On appeal from the County Court for Escambia County.
Barry E. Dickson, Jr., Judge.


February 26, 2025


B.L. THOMAS, J.

This is an appeal of an order dismissing a suit for extracontractual damages filed under section 625.155, Florida Statutes, on the basis that section 624.1551, Florida Statutes, requires as a prerequisite for such an action "an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree . . . rendered against the insurer." Because we find that section 624.1551, which was enacted after Appellant (hereinafter "the Insured") settled her earlier breach of contract action, cannot apply retroactively, we reverse.

In 2020, Appellant filed a claim with Appellee (hereinafter "the Insurer") for hurricane damage, and the Insurer valued the damage at far less than the Insured claimed, estimating the damages at $420.64 and finding that there was no storm damage to the exterior of the building that would have caused the claimed interior damages. Because the Insurer's estimate of damages did not exceed the policy's wind deductible, the Insurer declined to pay. A public adjuster then submitted an estimate of the claimed damages totaling $38,584. The Insurer hired an independent adjuster to inspect the property, and he arrived at the same conclusion as the first adjuster.

The Insured then filed a notice of civil remedy with the Florida Department of Insurance, alleging breach of contract, bad faith claims adjusting practices, and violation of provisions of subsections 624.155(1)(a) and (b), Florida Statutes. The Insurer denied the allegations. An appraisal was conducted, and the appraiser returned an award of $34,545.66. The parties then settled the suit in 2021, with the Insurer paying the Insured the amount of the appraiser's award minus the insurance policy's hurricane deductible.

In May 2022, the Legislature enacted section 624.1551, Florida Statutes, and later amended the statute in December 2022. Effective December 16, 2022, section 624.1551 provides:

> Notwithstanding any provision of s. 624.155 to the contrary, in any claim for extracontractual damages under s. 624.155(1)(b), no action shall lie until a named or omnibus insured or a named beneficiary has established through an adverse adjudication by a court of law that the property insurer breached the insurance contract and a final judgment or decree has been rendered against the insurer. Acceptance of an offer of judgment under s. 768.79 or the payment of an appraisal award does not constitute an adverse adjudication under this section. The difference between an insurer's appraiser's final estimate and the appraisal award may be evidence of bad faith under s. 624.155(1)(b), but is not deemed an adverse adjudication under this section and does not, on its own, give rise to a cause of action.

2

In March 2023, the Insured filed suit for extracontractual damages under subsections 624.155(1)(a) and (b), Florida Statutes, based on the Insurer's alleged bad faith claims handling and statutory violations. The Insurer filed a motion to dismiss the suit, arguing that the Insured had not complied with the prerequisites set forth in section 624.1551. In response, the Insured argued that section 624.1551 cannot apply retroactively and that her bad faith claim vested in 2021, once the appraisal award was returned. The trial court agreed with the Insurer that section 624.1551 applies and that the Insured's complaint had failed to allege "an adverse adjudication by a court of law that the property insurer breached the insurance contract" or that "a final judgment or decree has been rendered against the insurer." The trial court dismissed the suit.

There is a presumption in favor of the prospective application of statutes. *See Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 424 (Fla. 1994). However, the Florida Supreme Court has explained:

> We have recognized that the presumption in favor of prospective application generally does not apply to "remedial" legislation; rather, whenever possible, such legislation should be applied to pending cases in order to fully effectuate the legislation's intended purpose. *City of Orlando v. Desjardins,* 493 So. 2d 1027 (Fla.1986). However, we have never classified a statute that accomplishes a remedial purpose by creating substantive new rights or imposing new legal burdens as the type of "remedial" legislation that should be presumptively applied in pending cases. *See L. Ross, Inc. v. R.W. Roberts Const. Co., Inc.,* 481 So. 2d 484 (Fla.1986) (statute creating right to attorney's fees could not be applied retroactively); *City of Lakeland v. Catinella,* 129 So. 2d 133, 136 (only statutes that do not create new or take away vested rights are exempt from the general rule against retrospective application.)

*Id.* In *City of Orlando v. Desjardins*, 493 So. 2d 1027, 1028–29 (Fla. 1986), the supreme court held that section 119.07(3)(o), Florida Statutes (1984), which provided an exemption from the Public Records Act for agency attorney's records prepared in anticipation

3

of litigation, was remedial because it was enacted to "mitigat[e] the harsh provisions" of public records laws.

The Insurer argues that section 624.1551 is remedial, based on legislative history and related information regarding legislative intent to enact the statute to reduce insurance premiums in the state. We cannot disagree that the statute has this remedial purpose. But we must disagree that on this basis, the statute can be applied retroactively under *Arrow Air* and *Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873 (Fla. 2010), as it is undeniable that the statute eliminates a previously valid cause of action, in fact, a cause of action authorized by the Legislature and not a cause of action under the common law.

In *Menendez*, the supreme court applied a two-part test to determine whether a statutory presuit notice provision should be applied retroactively:

> First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles. *See Metro. Dade County v. Chase Fed. Hous. Corp.,* 737 So. 2d 494, 499 (Fla.1999).
>
> . . . [E]ven where the Legislature has expressly stated that a statute will have retroactive application, this Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty. *See State Farm Mut. Auto. Ins. Co. v. Laforet,* 658 So. 2d 55, 61 (Fla.1995). Therefore, the central focus of this Court's inquiry is whether retroactive application of the statute "attaches new legal consequences to events completed before its enactment." *Metro. Dade County,* 737 So. 2d at 499 (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 270, 114 S. Ct. 1483, 128 L.Ed.2d 229 (1994)).

35 So. 3d at 877 (footnote omitted).

4

Therefore, we find that the statute cannot be applied retroactively. We reverse and remand with directions to deny the motion to dismiss and reinstate the suit.

REVERSED and REMANDED.

M.K. THOMAS, J., concurs; KELSEY, J., concurs in result only.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Chad A. Barr, Chad Barr Law, Altamonte Springs, for Appellant.

Aleida M. Mielke, Segal McCambridge Singer & Mahoney, Ltd., Fort Lauderdale, for Appellee.