ANDREWS, Judge.
Defendant, Edgar W. Maxwell, as Tax Assessor of Palm Beach County, appeals an interlocutory order granting, in part, and denying, in part, the motion of plaintiff,. Pine Gas Corporation, for production and inspection of certain documents of the tax assessor. Plaintiff cross-appeals that part of the order denying its request for production of certain documents.
*603 The plaintiff, the owner of liquid petroleum gas storage tanks and distribution lines serving residences in Palm Beach County, did not file tangible property tax returns for 1962, 1963 and 1964. It filed a return for 1965 showing a value of $74,-"981.11, upon which the assessor fixed a value of $200,000. The assessor also back-taxed the property of the plaintiff for three years, fixing an assessed value- of $192,000 for 1962, $120,000 for the years 1963 and 1964.
The plaintiff objected to the assessments ■and appeared before the board of county •commissioners sitting as an equalization board. . Allegedly, plaintiff was advised that the board had no authority |o lower the as-sessments in the absence of proof that other 'liquefied petroleum gas distributors were not assessed on a similar basis. Plaintiff brought suit in equity seeking injunctive, •declaratory and other relief.
The court granted the request of the ■plaintiff to require the tax assessor to produce his worksheets and the tax returns of "the plaintiff and four other gas distributing •companies similarly situated. Defendant-•assessor appeals. The court denied plaintiff’s request to require the tax assessor to disclose the information which he had received regarding the plaintiff from the comptroller of the state or from the Internal Revenue Service. Plaintiff cross-appeals this as error.
All state, county and municipal ■records are open for personal inspection of -any citizen. F.S.A. § 119.01. Such records .are not the personal property of a public •officer. Bell v. Kendrick, 1889, 25 Fla. 778, 6 So. 868. The Legislature has seen fit to make records of intangible personal ■property tax returns confidential. F.S.A. :§ 199.101. There is no similar statutory privilege for tangible personal property tax returns.
Information received by the comptroller from the Internal Revenue Service is privileged and can only be used m the manner and for the purposes authorized by federal statutes. 26 U.S.C.A. § 6103(b). In the discretion of the court such information may be disclosed in a judicial proceeding in which a state or local political subdivision or official thereof is a party in his official capacity. 26 U.S.C.A. § 7213(a) (2). Accordingly, the cross-appeal is without merit.
The order appealed from is affirmed.
WALDEN, C. J., and CROSS, J., concur.