450 So.2d 341 (1984)
ORANGE COUNTY, Florida, Petitioner,
v.
FLORIDA LAND COMPANY, Etc., et al., Respondent.
No. 83-1624.
District Court of Appeal of Florida, Fifth District.
May 24, 1984.
*342 Philip H. Trees of Gray, Harris & Robinson, P.A., Orlando, for petitioner.
Timothy J. Manor of Lowndes, Drosdick, Doster & Kantor, P.A., Orlando, for respondent Florida Land Co., etc.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner, Orange County, Florida, seeks a writ of certiorari to partially quash an order of the circuit court which requires it to produce certain documents for discovery.
Respondent Florida Land Company sued Orange County after a dispute arose over its alleged entitlement to a certain amount of sewage capacity in the county's waste disposal system. Florida Land sought to compel the county to disclose numerous documents. The county furnished some of the requested documents, but contended that others were within the attorney-client or work-product privileges. The trial court eventually held that the county was entitled to assert an attorney-client privilege, but not a work-product privilege. Following an in camera examination of the contested documents, the court released a list of thirty-eight documents which it found were not subject to the attorney-client privilege, but constituted work-product materials, which were nevertheless subject to disclosure under the Florida Public Records Act, Chapter 119, Florida Statutes (1981). Orange County, by this petition, is challenging the order as it applies to twenty-five of the thirty-eight documents.[1]
Certiorari is appropriate to review an order requiring a party to produce certain documents or disclose certain information in discovery. See Ponte Vedra Recorder, Inc. v. Carpenter, 401 So.2d 834 (Fla. 5th DCA 1981); Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1958). The question here is whether the lower court departed from the essential requirements of law in ordering disclosure of the twenty-five documents at issue. The court found that these documents came within the Public Records Act, that the Act does *343 not contain a work-product privilege and therefore the documents had to be disclosed. The county argues that the Act does or should contain a work-product privilege and that in any event, many of the documents in question are not "public records" and hence are not subject to disclosure under the Act.
As to the county's first argument, in Wait v. Florida Power & Light Co., 372 So.2d 420 (Fla. 1979), the supreme court held that the work-product privilege does not apply to the Public Records Act and hence does not preclude access to documents otherwise subject to inspection under the Act. See also Hillsborough County Aviation Authority v. Azzarelli Construction Co., Inc., 436 So.2d 153 (Fla. 2d DCA 1983); City of Williston v. Roadlander, 425 So.2d 1175 (Fla. 1st DCA 1983); Tober v. Sanchez, 417 So.2d 1053 (Fla. 3d DCA 1982). The court in Wait stated that no statutory exemption for work-product exists in the Act and if such common law privilege is to be included as an exemption, it is up to the Legislature and not the courts to amend the statute.[2]
The county's claim that discovery matters are procedural and that Florida Rule of Civil Procedure 1.280(b)(2), which contains a work-product privilege[3] takes precedence over the Act, was recently rejected by the Second District in Hillsborough County Aviation. The court there held that access to public records is a matter of substance rather than practice and procedure and therefore the Act takes precedence over the rule of procedure. See also City of Tampa v. Titan Southeast Construction Corp., 535 F. Supp. 163 (M.D. Fla. 1982). It could be said that the supreme court in Wait also recognized this, at least by implication, when it declared that no work-product privilege is included in the Public Records Act and it is up to the Legislature and not the courts to include such an exemption in the Act.
The question of whether the documents here are "public records" and hence subject to disclosure under the Public Records Act is more difficult. The twenty-five documents were either developed by county attorneys in preparation for a hearing on Florida Land's request for a temporary injunction or were correspondence from one of the county's attorneys to another.
Section 119.011(1), Florida Statutes, defines "public records" as:
[A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
In Shevin v. Byron, Harless, Schaffer, etc., 379 So.2d 633, 640 (Fla. 1980), the supreme court declared that under this section, a public record "is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type." The court explained as follows:
To be contrasted with `public records' are materials prepared as drafts or notes, which constitute mere precursors of governmental `records' and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one *344 public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
In that case, the court found that letters, memoranda, resumes and travel vouchers made or received by a consultant who had been hired by the Jacksonville Electric Authority to screen applicants for the Authority's director's position were intended to formalize the information contained in them and hence were "public records." However, handwritten notes made during or shortly after the interviews with job prospects were merely preliminary materials intended to aid the consultant when he later formalized the knowledge gained during the interviews and hence were not "public records."
The county correctly points out that the documents here differ from those in Wait and some of the district court cases following it such as City of Williston v. Roadlander and Tober v. Sanchez. For instance, in Wait, the documents were records concerning the planning, operation, and maintenance of the city's electrical system. In Tober, accident records and reports of the county transit authority were sought. City of Williston involved hospital medical records. However, Hillsborough County Aviation involved what were labeled "trial preparation materials" and the Second District found these to be "public records" and rejected the county's claim that such documents were merely preliminary or preparatory materials and that what the county actually presents at trial is the formal agency statement on the matter. Likewise, in City of Tampa v. Titan Southeast, the federal court found two documents in the city's possession, one entitled "Memorandum Analysis of Titan's administrative claim" and the other "Analysis of Titan's administrative claim" to be "public records" which had to be disclosed.
An examination of the twenty-five documents here reveals that most of them are "trial preparation materials" in the nature of inter-office and intra-office "memoranda communicating information from one public employee to another or merely prepared for filing" which even though not a part of an agency formal public product, are "public records" because "they supply the final evidence of knowledge obtained in connection with the transaction of official business." Shevin v. Byron, Harless, 379 So.2d 633.
However, we conclude that a handful of the documents, specifically numbers 2, 9, 10, 11, and 15 (February list) do not constitute "public records" under Shevin v. Byron, Harless. Document No. 2 is a list in rough outline form of items of evidence which may be needed for trial. Document No. 9 is a list of questions the county attorney planned to ask a witness. Document No. 10 is a proposed trial outline. Document No. 11 contains handwritten notes regarding the county's sewage system and a meeting with Florida Land's attorneys. Document No. 15 contains notes (in rough form) regarding the deposition of an anticipated witness. These documents are merely notes from the attorneys to themselves designed for their own personal use in remembering certain things. They seem to be simply preliminary guides intended to aid the attorneys when they later formalized the knowledge. We cannot imagine that the Legislature, in enacting the Public Records Act, intended to include within the term "public records" this type of material. See Shevin v. Byron, Harless.
AFFIRMED in part, QUASHED in part.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The documents have been organized on two lists, one dated February 25 and the other March 11. The twenty-five documents involved in this appeal are as follows:

A) Feb. 25 list: 3, 6, 7, 8, 9, 10, 11, 12, 13, 15, 69, 70, 74, 141, 142, 143, 164, 190, 193.
B) March 11 list: 25, 35, 39, 48, 70, 71.
[2] Numerous decisions have recognized that this situation places public agencies involved in litigation at a distinct disadvantage compared to private parties but that it is up to the Legislature to remedy this. Hillsborough County Aviation, 436 So.2d at 155 (Boardman, Acting C.J., specially concurring); Tober v. Sanchez, 417 So.2d at 1055.
[3] Rule 1.280(b)(2) provides in relevant part as follows:

In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.