Mr. Charles J. Bradley, R.S. Environmental Health Director II Department of Health and Rehabilitative Services District Three Citrus County Public Health Unit 1406 West Main Street Inverness, Florida 32650
Dear Mr. Bradley:
This is in response to your request for an opinion on substantially the following question:
 ARE INTEROFFICE MEMORANDA, CORRESPONDENCE, INSPECTION REPORTS OF RESTAURANTS, GROCERY STORES AND OTHER SUCH PUBLIC PREMISES, NUISANCE COMPLAINT RECORDS, AND NOTICES OF VIOLATION OF PUBLIC HEALTH LAWS MAINTAINED BY A COUNTY PUBLIC HEALTH UNIT SUBJECT TO FLORIDA'S PUBLIC RECORDS LAW?
In your letter of inquiry, you ask whether nuisance complaint records are exempt from public disclosure under the Public Records Law. Subsequent conversations revealed that you also question whether interoffice memoranda, correspondence, inspection reports of restaurants, grocery stores and other such public premises, and notices of violation of public health laws are exempt.
Florida's counties are authorized to cooperate with the Department of Health and Rehabilitative Services (hereafter H.R.S.) in the establishment and maintenance of full-time public health units for the control and eradication of preventable diseases, and education of the public in modern scientific methods of hygiene, sanitation, and prevention of communicable diseases with respect to public health services programs. Section 154.01(1), F.S. In addition, where there is a demonstrated need for such services, the health units are authorized to provide clinic-care and health care delivery programs. Id. Public health services, which are organized and operated to protect the health of the general public, include epidemiology and communicable disease surveillance and control programs, environmental health programs, immunization services, venereal disease control, tuberculosis control, inspection of restaurants and public facilities, sanitation, water inspection, and maintenance of vital statistics. Section 154.01(2)(a). See generally, AGO 80-28 (county health units established and maintained under provisions of Part I, Ch. 154, F.S., are agencies of county government).
Florida's Public Records Law, Ch. 119, F.S., mandates that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any public agency or any other public or private agency acting on behalf of any public agency must be open for personal inspection by any person. See, ss. 119.01, 119.011(1), and (2), F.S., and119.07(1)(a), F.S. (1984 Supp.), as amended by s. 1, Ch. 85-86, Laws of Florida. Clearly the Citrus County Health Unit as an agency of county government is an "agency" within the purview of Ch. 119. See, s. 119.011(2) defining agency as "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency." The term "public records" is broadly defined by s. 119.011(1) to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." In Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), the Florida Supreme Court construed this definition to mean "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type." The Court went on to state at 640:
 Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
Cf., Orange County v. Florida Land Co., 450 So.2d 341 (5 D.C.A. Fla., 1984), pet. for rev. den., 458 So.2d 273 (Fla. 1984) (draft work notes prepared by agency's attorney to himself for own personal use are not public records but interoffice memoranda communicating information from one public employee to another or merely prepared for filing even though not part of agency's formal public product are public records subject to disclosure).
An examination of the records in question in the instant inquiry indicates that they all appear to "perpetuate, communicate, or formalize knowledge of some type" and thus under the definition espoused by the Florida Supreme Court in Shevin v. Byron, Harless, supra, are, in my opinion, public records. See, AGO's 77-141 (copies of letters or other documents which are received by a mayor of a municipality in his official capacity are public records); 73-336 (written complaints to H.R.S., Division of Health officials or investigators are public records); 71-360 (records of inspections of nursing homes made by H.R.S. are public records).
Section 119.07(1)(a) (1984 Supp.), as amended by s. 1, Ch. 85-86, Laws of Florida, directs that "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those records that are provided by statutory law to be confidential or which are expressly exempted by general or special law are exempt from public disclosure. See, Wait v. Florida Power Light Co.,372 So.2d 420, 422 (Fla. 1979). Consequently, every public record is subject to the examination and inspection provisions of s.119.07(1) unless a specific statutory provision can be pointed to which exempts those records from disclosure. See also, Douglas v. Michel, 410 So.2d 936 (5 D.C.A. Fla., 1982), aff'd, 464 So.2d 545
(Fla. 1985); Forsberg v. The Housing Authority of the City of Miami Beach, 455 So.2d 373 (Fla. 1984). Moreover, where a public record contains information which is exempt from disclosure, s.119.07(2)(a), F.S. (1984 Supp.), requires the custodian of the document to delete or excise that portion(s) of document to delete or excise that portion(s) of the record for which the exemption is asserted and to produce the remainder of the record for examination and inspection. Subsection (2)(a) further requires the custodian of a public record who contends that a record or part of a record is exempt from inspection to state the basis of the exemption, including the statutory citation to the exemptioncreated or afforded by statute, and if requested, to state in writing and with particularity the reasons for his conclusion that the record is exempt.
I am not aware of any statute which exempts the records in question in the instant inquiry from disclosure or makes such records confidential, nor has any such statutory provision been brought to the attention of this office. Compare, e.g., s. 400.613, F.S. (patient record information obtained by H.R.S. through inspections or reports of nursing homes and related health care facilities are privileged and confidential); s. 409.266(8), F.S. (1984 Supp.) (the complaint and all information obtained by H.R.S. pursuant to an investigation of a medicaid provider relating to an allegation of fraud or financial abuse are confidential). In the absence of any such general or special law specifically excluding the records in question from public inspection by making them confidential, I am of the opinion that they must be disclosed.
In summary, it is my opinion that interoffice memoranda, correspondence, inspection reports of restaurants, grocery stores and other such public premises, nuisance complaint records, and notices of violations of public health laws maintained by county public health units are "public records" within the meaning of s.119.011(1), F.S., and are subject to inspection in the absence of a statute providing for the confidentiality of or exempting such records from disclosure.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General