WENTWORTH, Judge.
Appellant seeks review of an order by which he was allowed a limited inspection of a state attorney's case file. We find that the limitation imposed was overbroad and encompassed documents subject to inspection pursuant to Chapter 119, Florida Statutes, and we therefore reverse the order appealed.
Appellant is an attorney who requested inspection of a state attorney’s case file for a charge which had been nolle prossed. After initially inspecting the file and marking items which he desired to copy, appellant later returned and found that certain documents had been removed from the file. Appellant sought to judicially compel disclosure of these documents, and the court reviewed the contents of the file. Based on a determination that some of the documents were public records the court allowed appellant a limited inspection, ruling that the “handwritten notes and memoran-da ... are not public records and need not be disclosed....”
Section 119.011(1), Florida Statutes, defines public records as “... all documents ... made ... in connection with the transaction of official business by any agency.” In accordance with this definition public records include “any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.” Shevin v. Byron, Harless, Schaffer, Reid & Assoc., 379 So.2d 633 (Fla.1980). While this would not include materials prepared as preliminary drafts or notes, inter-office and intra-office memo-randa which formalize knowledge and communicate information between public employees may constitute public records. See Shevin, supra. And although notes from attorneys to themselves might not be public records when intended only for their own personal use, inter-office and intra-of-fice memoranda may constitute public records even though encompassing trial preparation materials. See Orange County v. Florida Land Co., 450 So.2d 341 (Fla. 5th DCA 1984).
Appellee argues that such an application of Chapter 119, Florida Statutes, to the state attorney’s office would allow the legislature to dictate judicial procedure in violation of the state constitution. However, access to public records is a substantive right which the legislature has power to confer. See Orange County, supra; cf., Johnson v. State, 336 So.2d 93 (Fla.1976). The challenged provision does not establish judicial procedure and is within the realm of proper legislative authority.
*249 The contested documents involved in the present case include preliminary notes which are not public records under the standard announced in Byron, Harless, etc. and Orange County. But the various inter-office and intra-office memoranda which formalized knowledge and communicated information between public employees are public records under Shevin and Orange County and are thus subject to public inspection. In denying access to these materials the court’s order was over-broad and failed to comport with Chapter 119, Florida Statutes.
The order appealed is reversed because it denies access to inter-office and intra-office memoranda formalizing and communicating agency knowledge, and the cause is remanded for entry of a new order consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.