Mr. Jose B. Alvarez City Attorney City of Orange City 205 East Graves Avenue Orange City, Florida 32763
Dear Mr. Alvarez:
You have asked for my opinion on substantially the following question[1]:
Under what circumstances is a public official authorized to take public records from the building or office in which they are ordinarily kept and keep them at his or her home temporarily?
In sum:
Pursuant to Ch. 119, F.S., public records may routinely be removed from the building or office in which such records are ordinarily kept only for official purposes. The retention of such records in the home of a public official would appear to circumvent the public access requirements of the Public Records Law and compromise the rights of the public to inspect and copy such records.
You ask whether public records may be maintained temporarily in the home of a public official. While this office will not comment on actions which may have been taken by any public official in the past, the following comments are provided in an effort to guide future actions by such officials.
I must initially note that violations of the Public Records Law may be either civil or criminal in nature[2] but that, in either case, the State Attorney's Office is the appropriate agency to conduct an investigation and prosecute such a violation.[3] The Public Records Law, Ch. 119, F.S., requires that every person having custody of public records is required to permit them to be inspected at reasonable times and under reasonable conditions and shall furnish copies of each record upon payment of the fees prescribed by law.[4] The term "public records" has been broadly interpreted to encompass all material made or received by an agency in connection with the transaction of official business which is used to perpetuate, communicate, or formalize knowledge.[5] Thus, letters received by city officials or employees in the course of official business are public records within the scope of Ch. 119, F.S.
Chapter 119, F.S., sets forth specific provisions relating to the safekeeping of public records. Section 119.031, F.S., requires that:
In so far as practicable, custodians of vital, permanent, or archival records shall keep them in fireproof and waterproof safes, vaults, or rooms fitted with noncombustible materials and in such arrangement as to be easily accessible for convenient use. All public records should be kept in the buildings in which they are ordinarily used. Record books should be copied or repaired, renovated, or rebound if worn, mutilated, damaged, or difficult to read. Whenever any state, county, or municipal records are in need of repair, restoration, or rebinding, the head of such state agency, department, board, or commission, the board of county commissioners of such county, or the governing body of such municipality may authorize that such records be removed from the building or office in which such records are ordinarily kept for the length of time required to repair, restore, or rebind them. Any public official who causes a record book to be copied shall attest it and certify on oath that it is an accurate copy of the original book. The copy shall then have the force and effect of the original. (e.s.)
Thus, the statute provides that public records must be maintained so as to be accessible to the public and kept in the location where they are ordinarily used.[6] In addition, the statute insures the physical integrity of public records by requiring that they be kept in fireproof and waterproof vaults.
The statute recognizes the necessity of removing such records only when they are in need of repair or restoration and upon authorization by the head of the governmental agency responsible for such records.
This office has recognized the authority of a records custodian to store permanent official books and records in a building within the county seat other than the county courthouse where the clerk's office and records are maintained. However, that opinion, AGO 74-56, emphasized that when such records are stored outside the clerk's office, care must be taken that the requirements of s. 119.031, F.S., be followed to protect these records.
The Public Records Law requires that all state, county and municipal records be made accessible and kept open for personal inspection of any citizen. The courts have specifically held that these records are not the personal property of a public officer.[7] The Public Records Law does not authorize the removal of public records from the building or office in which they are ordinarily used for other than such official purposes as repair or storage.
The removal of public records for other than officially sanctioned purposes would not satisfy the public access requirement of Ch.119, F.S. Further, the retention of such records in the home of an official would produce a chilling effect on the rights of the public to examine and copy such records.
Therefore, it is my opinion that a public official is not authorized by Ch. 119, F.S., to remove public records from the office or building in which they are customarily used except to accomplish official purposes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You have also requested my opinion on a possible violation of the city code relating to competitive bidding. This office is authorized to address questions of state law and will not comment on local codes or ordinances. As city attorney it is your responsibility to advise the city about matters involving the city code.
[2] See, s. 119.10, F.S., which provides that: (1) Any public officer who violates any provision of this chapter is guilty of a noncriminal infraction, punishable by fine not exceeding 500. (2) Any person willfully and knowingly violating any of the provisions of this chapter is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[3] See, AGO 91-38, concluding that a state attorney may prosecute suits charging public officials with violation of Florida's Public Records Law, pursuant to his or her statutory authority to appear on behalf of the state in all suits in which the State of Florida is a party.
[4] See, s. 119.07(1)(a), F.S. And see, s. 119.07(3)(a), F.S., which contains an exception from the mandatory disclosure provisions of s. 119.07(1) for those public records which are provided by law to be confidential or which are prohibited by law from being inspected.
[5] See, Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980). And see, s. 119.011(1), F.S., defining "[p]ublic records" to include "all documents, papers, letters, maps, books, tapes, . . . or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
[6] But see, AGO 74-56, recognizing that a clerk of circuit court may store permanent official books and records in a building within the county seat other than the county courthouse where the clerk's office and records are maintained; however, the requirements of s. 119.031, F.S., must be followed when establishing and maintaining within the county seat this other office for the storage of permanent official books and records by the clerk of the circuit court; and AGO 88-26 concluding that the Public Records Law does not require a county to transport microfilmed copies of public records from a location outside the county to the county courthouse to provide access to the microfilmed copies when the originals are available for inspection and copying at the county courthouse; however, despite the existence of the original records, the microfilmed copies are public records which must be open to public inspection and copying at their location o outside the county in the absence of a statutory provision exempting them from disclosure.
[7] See, Maxwell v. Pine Gas Corporation, 195 So.2d 602 (4 D.C.A. Fla., 1967); Bell v. Kendrick, 6 So. 868 (Fla. 1889).