696 So.2d 725 (1997)
Eduardo LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 78228.
Supreme Court of Florida.
May 15, 1997.
Rehearing Denied July 9, 1997.
*726 Gail E. Anderson, Assistant CCR and Todd G. Scher, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Fariba N. Komeily, Assistant Attorney General, Miami, for Appellee.
PER CURIAM.
In Lopez v. Singletary, 634 So.2d 1054 (Fla.1993) (Lopez II), we remanded the case to the trial court to conduct an in-camera inspection of the sealed portions of the state attorney's files to determine whether these portions were exempt from disclosure under chapter 119, Florida Statutes (1989). After the inspection, the trial court determined that portions of the sealed records should be disclosed and other portions should remain sealed. Today, we exercise continuing jurisdiction over that case to determine the propriety of the trial court's order following remand. Art. V, § 3(b)(1), (7), Fla. Const. We affirm.
Lopez was convicted of first-degree murder, attempted first-degree murder, and burglary with an assault for crimes committed in January 1983.[1] He was sentenced to death for the first-degree murder and to consecutive life sentences for the other crimes. On direct appeal, we affirmed the convictions and sentences. Lopez v. State, 536 So.2d 226 (Fla.1988) (Lopez I).
A death warrant was signed in 1990, and Lopez filed a petition for writ of habeas corpus and requested a stay of execution. In September 1990, Lopez filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court summarily denied without holding an evidentiary hearing. Lopez thereafter filed a supplemental habeas petition raising additional issues. This Court affirmed the trial court's denial of postconviction relief but remanded to the trial court to inspect in camera the sealed portions of the state attorney's records. Lopez II. This Court provided Lopez with a thirty-day window following the date of access to any sealed documents to file any new claims in an amended postconviction motion.
After the judge who presided over the trial disqualified himself because he had received and reviewed the materials without notice to Lopez, the matter was ultimately assigned to Judge Blake.[2] At a hearing on the matter on January 19, 1995, Lopez argued that the state attorney had not adequately identified the exemption claimed for these records. The state attorney responded that under the decision in Lopez II, it was clear that the exemption was work product as defined by case law, and Lopez agreed that the cases *727 provided guidance on this issue. The trial court then stated that it would not only determine whether the withheld documents were exempt from disclosure but would also determine whether the withheld documents contained any Brady[3] materials.[4]
After performing this in-camera inspection, the trial court found several items discoverable but found a legal pad with several pages filled with notes dealing with trial strategy and cross-examination of witnesses was obvious work product which the trial court resealed. Additionally, the trial court denied the motions for depositions of Judge Levy and Ray Beaucourt, the records custodian, because there were no allegations that any documents had been removed.[5] Consistent with our decision in Lopez II, the trial court gave Lopez thirty days within which to file any new claims based on the disclosure.
Lopez did not file any new claims and filed a notice of appeal on the twenty-fifth day following disclosure. The State first sought to dismiss the appeal, claiming that it was an improper interlocutory appeal because Lopez may be filing new claims based upon the partial disclosure. Lopez responded that after he reviewed the disclosed records, he did not believe that the documents gave rise to any new claims for postconviction relief other than the denial of access to sealed records. Therefore, Lopez was not filing a supplemental rule 3.850 motion and the trial court's order was final. The State then withdrew any jurisdictional arguments with respect to the nonfinal nature of the appeal.
At the outset, we address the status of this case. In Lopez II, we affirmed the trial court's denial of postconviction relief but remanded for the limited purpose of the trial court's inspection in camera of the state attorney's records which we directed the state attorney to tender to the trial court. We specifically further ordered:
If the trial court determines that the sealed documents are exempt from disclosure, the documents will remain sealed. If the court determines that the sealed documents are not exempt, they will be disclosed to Lopez. If those documents reveal any new claims, i.e., claims other than those raised in the instant motion and petition, Lopez will have thirty days from the date of access to file an amended postconviction motion raising those new claims.
Lopez II, 634 So.2d at 1058. Since Lopez filed no additional claims, our review is limited to Lopez's claims that the trial court erred in finding that the documents in the state attorney's files were exempt from disclosure under chapter 119, Florida Statutes.
Lopez claims that the state attorney failed to adequately identify any statutory exemptions under section 119.07(2)(a), Florida Statutes (1993). This section requires the records custodian who asserts an exemption from public records under section 119.07(3), Florida Statutes, to state the basis for the exemption. Lopez asserts that this failure deprived him of the opportunity to argue against the applicability of the exemptions. As was clear from our remand in Lopez II, the state attorney claimed that the withheld documents were work product and not public records. Lopez II, 634 So.2d at 1058 ("The instant state attorney's office had no doubt that the portions of its records that it sealed were work product and, thus, exempt from disclosure.") At the hearing before Judge Blake, the state attorney argued that the documents were work product and not subject to public records disclosure under case law. See, e.g., Shevin v. Byron, Harless, Schaffer, Reid & Assocs., Inc., 379 So.2d 633 (Fla.1980). We agree with the trial court and find no merit in Lopez's contentions in this appeal.
The limited issue left for review is whether Judge Blake erred in his determination *728 that the notes on the legal pad were work product. We have previously found that pretrial materials which include notes from the attorneys to themselves designed for their own personal use in remembering certain things or preliminary guides intended to aid the attorneys when they later formalize their knowledge are not within the term "public record." State v. Kokal, 562 So.2d 324, 327 (Fla.1990). We have reviewed the challenged documents in this case and conclude that the trial court did not err in finding that the attorney's handwritten notes dealing with trial strategy and cross-examination of witnesses were not public records.
Finding no merit to Lopez's contentions, we affirm the trial court's decision that the sealed documents were not subject to discovery. This decision concludes our review of Lopez's motions for postconviction relief.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] The facts of the crimes are more fully set out in Lopez v. State, 536 So.2d 226 (Fla.1988).
[2] Upon remand, the matter was reassigned several times before it was finally adjudicated. It was first assigned to Judge Postman because Judge Levy, the judge who presided over the original trial, had been transferred to the juvenile division. Nevertheless, the state attorney's office tendered the documents in question to Judge Levy for an in camera inspection without providing prior notice to Lopez. Judge Postman transferred the case to Judge Levy, who then disqualified himself because he had received and reviewed the documents without notice to Lopez. The case was then reassigned to Judge Postman. When Judge Postman was transferred out of the criminal division, the case was assigned to Judge Blake, who ultimately presided over the matter. This shifting of assignments because of rotation has been eliminated by Florida Rule of Judicial Administration 2.050(b)(4), which states that the judge who presided at the trial shall preside in all postconviction proceedings as long as the judge remains in active judicial service or is otherwise available to serve unless otherwise directed by this Court.
[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[4] Accordingly, we reject any contention that the trial court erred in failing to consider the evidence for Brady material.
[5] Based upon our review of the record, we find no merit to Lopez's claim that the trial court abused its discretion in failing to allow him to depose these persons. See State v. Lewis, 656 So.2d 1248 (Fla.1994) (it is moving party's burden to show that trial court abused its discretion in denying discovery in rule 3.850 proceeding).