Mr. Franz Eric Dorn Daytona Beach Shores City Attorney 3050 South Atlantic Avenue Daytona Beach Shores, Florida 32118-6159
Dear Mr. Dorn:
You ask substantially the following question:
Are the files of the city attorney public records that must be turned over to the successor city attorney?
In sum:
Those records in the files of the city attorney which were made or received in carrying out her duties as city attorney and which communicate, perpetuate, or formalize knowledge constitute public records and are required to be turned over to her successor.
Florida's Public Records Act requires that all state, county, and municipal records be open for personal inspection of any citizen.[1] In providing for access to public records, Chapter 119, Florida Statutes, broadly defines "[p]ublic records" to include:
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[2]
The Florida Supreme Court has interpreted this definition to encompass all materials received by an agency in connection with official business that are used to perpetuate, communicate, or formalize knowledge.[3] In contrast to "public records" are those "materials prepared as drafts or notes, which constitute mere precursors of governmental `records' and are not, in themselves, intended as final evidence of the knowledge to be recorded[,]" such as "rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation."[4] The definition of "[a]gency" in section 119.011(2), Florida Statutes, is equally broad and includes not only a municipality but any "public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
You state that the former city attorney has in her possession approximately 250 legal files which were created while acting as city attorney for the City of Daytona Beach Shores. The city is seeking the return of these files. According to your letter, the former city attorney was a contract attorney. During the term of her contract, she served in the capacity of the city attorney and performed the duties of that office.
While The Supreme Court of Florida has held that a private entity does not act "on behalf of" a public agency merely by entering into a contract to provide professional services to the agency,[5]
the courts have also recognized that when a private entity takes over a function of government, it is not merely providing services to but is acting on behalf of a public agency. Recently in PrisonHealth Services, Inc. v. The Lakeland Ledger PublishingCompany,[6] the court concluded that where a private company undertook to act for the sheriff by providing total health care services for inmates and detainees, "all of its records that would normally be subject to the Public Records Act if in the possession of the public agency are likewise covered by that law, even though in the possession of PHS, a private corporation."
In the instant inquiry, the former city attorney did more than merely enter into a contract to provide professional services. She assumed the role of city attorney, a position established by the city charter. As city attorney, she was responsible for, and undertook to carry out, the governmental obligations specified in the city charter for that position.[7] Accordingly, it appears that she would fall within the definition of "agency" for purposes of Chapter 119, Florida Statutes.
The former city attorney, however, referred to a 1971 ethics opinion of The Florida Bar stating that the legal files made and maintained in the course of representing the client do not belong to the client but to the attorney.[8] The opinion further states that the attorney employed by a public official has an attorney-client relationship with the particular official, not the office and, therefore, a successor in office has no right to insist on a turnover of the files arising out of the attorney-client relationship. This office cannot comment upon the ethics opinion prepared by The Florida Bar pursuant to the authority delegated to The Bar by the Supreme Court; rather, any question regarding the continued validity of the 1971 opinion should be addressed to The Florida Bar and not to this office.
Since the issuance of that opinion, however, the case law considering the responsibility of government lawyers in representing governmental entities and the applicability of the Public Records Law to the records of government attorneys has evolved.
For example, in Wait v. Florida Power Light Company,[9] the Supreme Court of Florida rejected claims of a judicially created attorney work product privilege applying to public records. InCity of North Miami v. Miami Herald Publishing Company,[10]
petitioners argued that their constitutional rights of due process, effective assistance of counsel, freedom of speech, and the Supreme Court's exclusive jurisdiction over The Florida Bar prohibited public disclosure of certain communications relating to litigation. Rejecting such arguments, the court stated:
"The legislature has the constitutional power to regulate disclosure of public records of the state and its political subdivisions and has done so through chapter 119. Thecommunications (public records) belong to the client (governmententity), not the lawyer, and the legislature, not this Court,regulates disclosure of public records. . . . In this connection, petitioners urge that they are "individual human beings" subject to personal, civil and criminal liability. This is unquestionably true. From this obvious truth, petitioners then argue that they are constitutionally entitled, as individuals, to private communications with the city's attorney. This argument is fallacious. The city attorney furnishes legal assistance tocouncil members in their official capacity, not as individualcitizens."[11] (e.s.)
Thus, prior to the enactment of section 119.07(3)(l), Florida Statutes, the courts did not recognize the attorney-client privilege between an attorney and a public entity, in light of the statutory requirement that public records be open. Only after the Legislature provided a limited attorney work product exemption could certain information contained in an attorney's litigation files during the pendency of litigation be closed.
The courts have continued to recognize the applicability of the Public Records Act to the files of attorneys for public entities. In State v. Kokal,[12] the court concluded that Chapter 119, Florida Statutes, applied to the files of the state attorney which, in the absence of a statutory exemption, were subject to disclosure. The Kokal court, however, did agree with the state attorney that some of the documents in his files were not public records. Relying on the definition of public records discussed inShevin v. Byron, Harless, Schaffer, Reid Associates, Inc., the court determined that some documents did not meet the definition of "public records" but rather were mere precursors to public records:
"We agree with Orange County v. Florida Land Co., 450 So.2d 341,344 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984), which described certain documents as not within the term `public records':
Document No. 2 is a list in rough outline form of items of evidence which may be needed for trial. Document No. 9 is a list of questions the county attorney planned to ask a witness. Document No. 10 is a proposed trial outline. Document No. 11 contains handwritten notes regarding the county's sewage system and a meeting with Florida Land's attorneys. Document No. 15 contains notes (in rough form) regarding the deposition of an anticipated witness. These documents are merely notes from the attorneys to themselves designed for their own personal use in remembering certain things. They seem to be simply preliminary
guides intended to aid the attorneys when they later formalized the knowledge. We cannot imagine that the Legislature, in enacting the Public Records Act, intended to include within the term "public records" this type of material."[13]
For those materials generated in connection with the transaction of official business and which communicate, perpetuate, or formalize knowledge, however, the courts have held that these records are not the personal property of a public officer but belong to the governmental entity.[14]
Section 119.05, Florida Statutes, in providing for the disposition of records at the end of an official's term, states:
"Whoever has the custody of any public records shall, at the expiration of his or her term of office, deliver to his or her successor or, if there be none, to the records and information management program of the Division of Library and Information Services of the Department of State all records, books, writings, letters, and documents kept or received by him or her in the transaction of official business."
Failure to comply with this statutory mandate may subject the individual to criminal penalties. For example, section 839.14, Florida Statutes, provides:
"If any officer, after the expiration of the time for which she or he may have been appointed or elected, or in case of death, her or his executors and administrators, or the person in possession thereof, shall willfully and unlawfully withhold or detain from her or his successors the records, papers, documents, or other writings appertaining and belonging to her or his office, or mutilate, destroy, take away, or otherwise prevent the complete possession by her or his successors of said records, documents, papers, or other writings, she or he shall be guilty of a misdemeanor of the second degree, punishable as provided in s.775.082 or s. 775.083."[15]
The fact that some of the records may be available elsewhere does not remove the responsibility of the official to turn over the records from that office.[16]
Accordingly, I am of the opinion that those records or materials in the files of the former city attorney which were made or received in carrying out her duties as city attorney and which communicate, perpetuate or formalize knowledge do constitute public records and as such are required to be turned over to her successor.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ss. 119.01 and 119.07(1)(a), Fla. Stat. And see, Art.I, s. 24, Fla. Const., establishing a constitutional right of access to public records made or received in connection with the official business of any public body, officer, or employee.
[2] Section 119.011(1), Fla. Stat.
[3] See, Shevin v. Byron, Harless, Schaffer, Reid andAssociates, Inc., 379 So.2d 633 (Fla. 1980).
[4] Id. at 640.
[5] News and Sun-Sentinel Company v. Schwab, Twitty HanserArchitectural Group, Inc., 596 So.2d 1029, 1031 (Fla. 1992).
[6] 23 Fla.L.Weekly D1715 (Fla. 2d DCA, July 22, 1998). And see,News-Journal Corporation v. Memorial Hospital-West Volusia, Inc.,695 So.2d 418 (Fla. 5th DCA 1997), rev. granted, 700 So.2d 686
(Fla. 1997); Stanfield v. Salvation Army, 695 So.2d 501 (Fla. 5th DCA 1997).
[7] See, Art. IV, Daytona Beach Shores Charter, entitled CityAttorney. And see, s. 4.01 of the city charter setting forth the duties and responsibilities of the city attorney.
[8] Ethics Opinion 71-37, The Florida Bar, October 20, 1971.
[9] 372 So.2d 420 (Fla. 1979).
[10] 468 So.2d 218 (Fla. 1985).
[11] Id. at 219. And see, Seminole County v. Wood,512 So.2d 1000 (Fla. 5th DCA 1987).
[12] 562 So.2d 324 (Fla. 1990).
[13] Id. at 327.
[14] See, e.g., Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987) (public records belong to the client [governmental entity], not the lawyer, and therefore the legislature, and not the Supreme Court, regulates their disclosure); Neu v. MiamiHerald Publishing Company, 462 So.2d 821 (Fla. 1985); Maxwell v.Pine Gas Corporation, 195 So.2d 602 (Fla. 4th DCA 1967).
[15] And see, s. 119.10, Fla. Stat., providing penalties for violations of Ch. 119, Fla. Stat.
[16] See generally, Warden v. Bennett, 340 So.2d 977, 979 (Fla. 2d DCA 1976); Op. Att'y Gen. Fla. 86-69 (1986).