971 So.2d 915 (2007)
MIAMI HERALD MEDIA COMPANY, Appellant,
v.
Marc David SARNOFF, Appellee.
No. 3D07-2821.
District Court of Appeal of Florida, Third District.
December 19, 2007.
Holland & Knight, and Sanford L. Bohrer, and Scott D. Ponce, Miami, for appellant.
Volpe, Bajalia, Wickes, Rogerson & Wachs, and Alan S. Wachs, and Leslie A. Wickes Jacksonville; Stephens, Lynn, Klein, La Cava, Hoffman & Puya, and Jeffrey D. Swartz, Miami, for appellee.
Before GREEN, SHEPHERD, and CORTIÑAS, JJ.
GREEN, J.
The Miami Herald Media Company ("Miami Herald") appeals an adverse declaratory judgment which determined that a document written by City of Miami Commissioner, Marc David Sarnoff, in his official capacity, was exempt from public disclosure pursuant to Chapter 119, Florida *916 Statutes (2007). We reverse for the reasons which follow.
The salient facts of this case are undisputed. In May 2007, Commissioner Sarnoff received a telephone call from a former City of Miami official requesting a meeting to discuss the City's affairs. Following this meeting, Commissioner Sarnoff prepared a written memorandum ("May Memorandum") to "The File" summarizing the details of what the former City official had told him. The memorandum contains alleged factual information about possible criminal activity.
Under threat of subpoena, Commissioner Sarnoff turned the May Memorandum over to the Miami-Dade State Attorney's office as part of an ongoing criminal investigation, retaining a copy for himself. Additionally, he was later required to provide a statement under oath regarding the meeting that was memorialized in the "May Memorandum."
Thereafter, The Related Group, a Miami developer, submitted a public records request to Commissioner Sarnoff's office requesting certain documents, including the "May Memorandum." Commissioner Sarnoff declined to produce the May Memorandum on the grounds that it did not come within the definition of a public record as set forth in Chapter 119, Florida Statutes. The Related Group then sued Commissioner Sarnoff in a two-count complaint for (1) failing to turn over the May Memorandum as a public record pursuant to Chapter 119, Florida Statutes, and (2) defamation for, inter alia, the matters contained within the "May Memorandum."
As a result of The Related Group's lawsuit, the Miami Herald learned of the existence of the May Memorandum and it too submitted a public records request to Commissioner Sarnoff seeking a copy of the May Memorandum pursuant to Chapter 119, Florida Statutes. The Related Group did not proceed with its suit and filed a voluntary dismissal of the same on October 11, 2007. On the very next day, October 12, 2007, the Miami Herald renewed its public records request for the May Memorandum to Commissioner Sarnoff. On that same day, The Related Group notified Commissioner Sarnoff by letter that it would reinstate its defamation action against him if he released the May Memorandum as a public record.
Unsure of his legal rights, Commissioner Sarnoff filed the declaratory judgment action below seeking a judicial determination as to whether the May Memorandum is a public record within the meaning of Chapter 119, Florida Statutes. The Miami Herald simultaneously filed its own complaint seeking production of the document pursuant to Chapter 119, Florida Statutes. As part of the proceedings below, the parties made the following stipulations:
 Commissioner Sarnoff attended the May meeting with the former City of Miami official in his official capacity as a City Commissioner.
 The meeting related to official business of the City of Miami.
 The May Memorandum was the final evidence record, memorialization, and explanation of the knowledge garnered from the meeting by Commissioner Sarnoff.
 The May Memorandum was Commissioner Sarnoff's final work product with regard to the information and was not the precursor or preliminary to any other document; and
 The May Memorandum is the only written record of what was said at the meeting.
In advance of the final hearing below, Commissioner Sarnoff filed a motion and supporting affidavit for the trial court's in camera inspection of the "May Memorandum." *917 During the hearing, the parties stipulated to a procedure for conducting the in camera inspection that allowed counsel for the Miami Herald to also review the May Memorandum while still preserving the confidentiality of its contents during the pendency of this litigation.
After reviewing the Commissioner's affidavit;[1] the May Memorandum in camera; and hearing argument of counsel; the trial court concluded that the subject document was not a public record for the purposes of Chapter 119. The court essentially found that although the Commissioner prepared the May Memorandum to reflect a conversation that occurred in his capacity as a public official, the Commissioner stated that the creation of this document was that of a memo, for his personal use, at a later time. As such, the trial court concluded that the document did not fall within the meaning of a public record under Chapter 119. The Miami Herald timely instituted the instant appeal of this final order.
On this appeal, the Miami Herald argues that the trial court erred in its determination that the May Memorandum is not a public record because this document represents the final evidence of knowledge gained by a public official in his official capacity in connection with public business. We agree.
The statutory definition of "public records" is "all documents, . . . regardless of the physical form [or] characteristics . . . made . . . in connection with the transaction of official business by any agency." § 119.011(11), Fla. Stat. (2007). In Shevin v. Byron, Harless, Schaffer, Reid & Assoc., Inc., 379 So.2d 633, 640 (Fla.1980), the Florida Supreme Court, construed this statutory definition as follows:
a public record for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with `public records' are materials prepared as drafts or notes, which constitute mere precursors of governmental `records' and are not, in themselves, intended as final evidence of the knowledge to be recorded.
As stated earlier, the subject memorandum in this case solely contains alleged factual information about possible criminal activity. It is undisputed that Commissioner Sarnoff is an "agency" for purposes of Chapter 119;[2] he attended the subject meeting in his capacity as an elected city official; official city business was discussed at the meeting; and he drafted the May Memorandum to formalize and perpetuate his final knowledge gained at that meeting. The subject document was not a draft, or a note containing mental impressions that would later form a part of a government record. Compare Justice Coalition v. First District Ct. of Appeal Judicial Nominating Comm'n, 823 So.2d 185 (Fla. 1st DCA 2002)(individual commission members notes to selves are not designed to perpetuate, communicate or formalize knowledge of some type, and are not public records); Times Publ'g Co. v. City of St. Petersburg, 558 So.2d 487 (Fla. 2d DCA 1990)(handwritten notes not intended to perpetuate, communicate or formalize knowledge, but instead are precursor of governmental records not public records).
In fact, Shevin goes on to explain that "[i]ntra-office memoranda communication information . . . merely prepared for filing . . . would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection *918 with the transaction of official business." Id., 379 So.2d at 640. Hence, the document in question, which contains no mental impression, but merely recites information iterated at the meeting, is just such a memorandum to the file.
Based on the foregoing, the judgment is reversed and the cause remanded with instruction to the trial court to enter declaratory judgment in Miami Herald's favor, ordering disclosure of the memorandum.
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing or rehearing en banc.
Reversed and remanded with directions.
NOTES
[1] The Commissioner did not appear at the hearing below.
[2] See § 119.011(2), Fla. Stat. (2007).