Dear Mr. Turner:
As the City Manager for the City of Venice, Florida, you have asked for my opinion on substantially the following question:
Are personal notes, taken by a city employee in the course of conducting his official duties and made for the purpose of assisting him in remembering matters discussed, public records subject to public disclosure?
In sum:
Personal notes, taken in the course of conducting official business by a public employee, are not public records subject to the provisions of Chapter 119, Florida Statutes, if the notes have not been transcribed or shown to others and were not intended to perpetuate, communicate, or formalize knowledge.
According to your letter, you serve as the City of Venice's Chief Administrative Officer and are responsible for the management and supervision of all city departments. Earlier this year, you undertook an assessment of the city police department's operations and management. As part of this assessment, you interviewed police department personnel. During and after these interviews, you made handwritten notes for your own personal use to assist you in remembering matters discussed. These notes have not been transcribed or shown to anyone. You assert that your personal notes were not intended to perpetuate, communicate, or formalize knowledge of any type.[1] You have requested an opinion of the City Attorney on this question and been advised that it is the City Attorney's opinion that "notes prepared by a City employee for the employee's own personal use are not public records and therefore not subject to public disclosure." Florida case law supports this conclusion and your City Attorney's admonition that "[e]ssential to this legal opinion is the fact that the notes are utilized only by the writer. Should the writer distribute the notes to anyone for any purpose, then the notes shall be deemed public records subject to Chapter 119 of the Florida Statutes."
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that records made or received in connection with the transaction of official business by any public body, officer, or employee of the state, county, or municipality shall be open to public inspection and copying, unless there is a legislatively created exemption making such records confidential or exempt from disclosure.[2] Section 119.011(12), Florida Statutes, defines "[p]ublic records" to include
"all documents, papers, letters . . . or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
Thus, any portion of your handwritten notes that was not made or received in the official course of business would not be a public record. However, numerous court opinions and opinions of this office have concluded that if the purpose of a document prepared in connection with official business is to perpetuate, communicate, or formalize knowledge, then it is a public record without regard to whether it is in final form or the ultimate product of the agency.[3] Moreover, nonfinal documents need not be communicated to anyone in order to constitute a public record.[4]
As this office has noted, there is no "unfinished business" exception to the public inspection and copying requirements of the Public Records Law.[5] If a document is prepared in connection with the official business of a public agency and its purpose is to perpetuate, communicate, or formalize knowledge, then that document is a public record regardless of whether it is in final form or the ultimate product of an agency.[6]
Thus, any agency document, however it may be prepared, if it is circulated for review, comment or information, is a public record regardless of whether it is an official expression of policy or marked "preliminary" or "working draft" or similar label. Examples of such materials would include interoffice memoranda, preliminary drafts of agency rules or proposals which have been submitted for review to anyone within or outside the agency, and working drafts of reports which have been furnished to a supervisor for review or approval.[7]
Similarly, personal notes can be public records if they are intended to communicate, perpetuate, or formalize knowledge of some type. In a 2005 Attorney General Opinion discussing the nature of personal notes, the handwritten notes prepared by an assistant city labor attorney during her interviews with city personnel were determined to be public records when those notes were used to communicate information to the labor attorney regarding possible future personnel actions.[8] Likewise, an Informal Attorney General Opinion concluded that handwritten notes prepared by a city council member regarding research on a matter being considered by the council and used at a workshop meeting as a reference in discussing the member's position were determined to be public records.[9]
In a 2007 appellate case, Miami Herald Media Company v.Sarnoff, [10] the court held that a memorandum that had been prepared by a city commissioner after a meeting with a former city official to discuss the city's affairs was a public record subject to disclosure. The memorandum summarized the details of the conversation at the meeting and contained alleged factual information about possible criminal activity. The parties to the lawsuit to determine whether this memorandum was a public record stipulated that the commissioner attended the meeting in his official capacity as a city commissioner; that the meeting related to official business of the city; that the memorandum was the final evidence, record, memorialization, and explanation of the knowledge garnered from the meeting by the city commissioner; that the memorandum was the commissioner's final work product with regard to the information and was not a precursor or preliminary document used to prepare another document; and that the memorandum was the only written record of what was said at the meeting.[11] The trial court had concluded that the memorandum did not fall within the meaning of a public record under Chapter 119, Florida Statutes, and the Miami Herald appealed. The newspaper's argument was that the memorandum was a public record because it "represents the final evidence of knowledge gained by a public official in his official capacity in connection with public business." The Third District Court of Appeal agreed and stated:
"[T]he subject memorandum in this case solely contains alleged factual information about possible criminal activity. It is undisputed that Commissioner Sarnoff is an "agency" for purposes of Chapter 119; he attended the subject meeting in his capacity as an elected city official; official city business was discussed at the meeting; and he drafted the May Memorandum to formalize and perpetuate his final knowledge gained at that meeting. The subject document was not a draft, or a note containing mental impressions that would later form a part of a government record."[12] (citations omitted)
However, Florida Courts have consistently held that under Chapter 119, Florida Statutes, public employees' notes to themselveswhich are designed for their own personal use in remembering certain things do not fall within the definition of "public record."[13] The Florida Supreme Court's decision inShevin v. Byron, Harless, Schaffer, Reid andAssociates, [14] identified a "public record" as "any material prepared in connection with official agency business that is intended to perpetuate, communicate, or formalize knowledge of some type"[15] and concluded that handwritten notes did not constitute public records. Subsequently, the First District Court of Appeal held that public employees notes to themselves "which are designed for their own personal use in remembering certain things do not fall within the definition of `public record.'"[16] In The JusticeCoalition v. The First District Court of Appeal Judicial NominatingCommission, the First District Court of Appeal stated:
"Individual member's notes are not public record. The supreme court has elaborated on what does and does not constitute a public record in Shevin v. Byron, Harless, Schaffer,Reid Assocs., . . . As here, the plaintiffs in Byron,Harless specifically sought documents related to potential applicants for a public position. The court interpreted "public record" as any material prepared in connection with official agency business that is intended to perpetuate, communicate, or formalize knowledge of some type. . . . The court specifically noted that materials prepared as drafts or notes which constitute mere precursors of governmental records, are not in themselves intended as final evidence of the knowledge to be recorded. . . . The court concluded that handwritten notes made during or shortly after interviews with job prospects did not constitute public records."[17] (citations omitted)
Thus, it appears that public employees' notes to themselves which are designed for their own personal use in recollecting certain matters are not public records subject to inspection and copying pursuant to Chapter 119, Florida Statutes. You have advised this office that your notes do not perpetuate, communicate, or formalize knowledge, but were prepared for your own personal use to assist you in remembering matters discussed and that they have not been transcribed or shown to anyone else. Based on your characterization of these notes and the case law discussed above, I concur in your attorney's opinion that these personal notes are not public records. However, I would also caution you that the longer these notes are maintained, the closer in nature they appear to documents which would "perpetuate, communicate, or formalize knowledge" and could be characterized as public records.
In sum, it is my opinion that personal notes, taken in the course of conducting official business by a public employee, are not public records subject to the provisions of Chapter 119, Florida Statutes, if the notes have not been transcribed or shown to others and were not intended to perpetuate, communicate, or formalize knowledge.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] I must advise you that the discussion and conclusions reached in this opinion are based on the facts as you have presented them. This office may not act as a fact finder, but must rely upon the factual presentation of the requestor in responding to requests for Attorney General Opinions. See s. 16.01(3), Fla. Stat., and Department of Legal Affairs Statement Concerning Opinions available at: www.myfloridalegal.com.
[2] See also Art. I, s. 24, Fla. Const., establishing a right of access to any public records made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf.
[3] See Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So. 2d 633 (Fla. 1980). See also State ex rel.Veale v. City of Boca Raton, 353 So. 2d 1194 (Fla. 4th DCA 1977),cert. denied, 360 So. 2d 1247 (Fla. 1978) (report prepared by assistant city attorney for the city council concerning suspected irregularities in the city's building department was a public record); and State ex rel. Copeland v. Cartwright,38 Fla. Supp. 6 (Fla. 17th Cir. Ct. 1972), affirmed,282 So. 2d 45 (Fla. 4th DCA 1973) (site plan review prepared for public building project must be open for public inspection, even though it was a preliminary working paper).
[4] See, e.g., Church of Scientology Flag Service Org., Inc., v.Wood, No. 97-688CI-07 (Fla. 6th Cir. Ct. February 27, 1997) (drafts and notes of an autopsy performed by the medical examiner are public records); Florida Sugar Cane League v. FloridaDepartment of Environmental Regulation, No. 91-4218 (Fla. 2d Cir. Ct. June 5, 1992) (handwritten notes of agency staff "utilized to communicate and formulate knowledge within [the agency], are public records subject to no exemption"); and Inf. Op. to Michael S. Davis, dated March 16, 1992, in which this office advised that a personnel director's retention of notes which were originally handwritten, but were subsequently typed and kept by the director in his office for two years, "might well be construed by a court as evidence of the director's intent to perpetuate the information contained therein."
[5] Id. And see Pt. II, s. A. 2., Government in the Sunshine Manual (2010 ed.), "When are notes or nonfinal drafts of agency proposals subject to Ch. 119, F.S."
[6] See Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So. 2d 633 at 640 (Fla. 1980) ("Interoffice memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business."). See also State ex rel.Veale v. City of Boca Raton, 353 So. 2d 1194 (Fla. 4th DCA 1977),cert. denied, 360 So. 2d 1247 (Fla. 1978) (report prepared by assistant city attorney for the city council concerning suspected irregularities in the city's building department was a public record); Warden v. Bennett,340 So. 2d 977 (Fla. 2d DCA 1976) (working papers used in preparing a college budget were public records); and State ex rel.Copeland v. Cartwright, 38 Fla. Supp. 6 (Fla. 17th Cir. Ct. 1972), affirmed, 282 So. 2d 45 (Fla. 4th DCA 1973) (site plan review prepared for public building project must be open for public inspection, even though it was a preliminary working paper).
[7] See also Op. Att'y Gen. Fla. 97-23 (1997) (written comments and performance memoranda of school board members that were discussed with superintendent were public records); Inf. Op. to Richard B. Fulwider, dated June 14, 1993 (handwritten notes taken by negotiator for fire control district during collective bargaining sessions were public records).
[8] See Op. Att'y Gen. Fla. 05-23 (2005). See also City ofPinellas Park, Florida v. Times Publishing Company, No. 00-008234CI-19 (Fla. 6th Cir. Ct. January 3, 2001) (rejecting city's argument that employee responses to survey are "notes" which are not subject to disclosure because "as to each of the employees, their responses were prepared in connection with their official agency business and they were `intended to perpetuate, communicate, or formalize knowledge' that they had about their department"); andFlorida Sugar Cane League, Inc. v. Florida Department ofEnvironmental Regulation, No. 91-4218 (Fla. 2d Cir. Ct. June 5, 1992), stating that handwritten notes of agency staff, "utilized to communicate and formulate knowledge within [the agency], are public records subject to no exemption."
[9] See Informal Opinion to Suzanne McLean, dated December 31, 1998. The handwritten notes were prepared to document communications between the city council member and officials from other municipalities regarding emergency medical services and collection rates in various municipalities. The council member brought the notes to the workshop and used them as a reference for her position on the issue and specifically cited to factual material contained in the notes. During the meeting, the council member stated that she had conducted a study and discussed her conclusions based upon that study, referring to her handwritten notes as containing information upon which she based her conclusions. Finally, the member distributed a document she had generated from the information contained in a portion of her notes. The informal opinion concluded that the handwritten notes represented formalized knowledge and were public records. Further, the opinion noted that the use of portions of the notes to generate another document to be distributed to other members of the council would not create an exception from the Public Records Law for such portions of the notes.
[10] 971 So. 2d 915 (Fla. 3d DCA 2007).
[11] Id. at 916.
[12] Supra n. 10 at 917.
[13] See Lopez v. State, 696 So. 2d 725 (Fla. 1997).Accord Johnson v. Butterworth, 713 So. 2d 985 (1998) (finding state attorney's outline of evidence, a proposed outline for trial, handwritten notes were not public records); Bryan v.Butterworth, 692 So. 2d 878 (1997) (finding legal pads regarding Attorney General's impressions and strategy, sheets summarizing psychological reports prepared by paralegal for later use by AG, and annotated map prepared by AG were not "public records").
[14] 379 So. 2d 633 (Fla. 1980).
[15] Id. at 640.
[16] Justice Coalition v. The First District Court of AppealJudicial Nominating Commission,823 So. 2d 185, 192 (Fla. 1st DCA 2002). And see Lopez v.State, 696 So. 2d 725 (Fla. 1997); Coleman v. Austin,521 So. 2d 247 (Fla. 1st DCA 1988).
[17] Id. at 192.